Edward J. Lasen and Adelaide B. Lasen, Plaintiffs-Appellees, v. Roy E. Knauer et al., Defendants.
Appeal of Roy E. Knauer, d/b/a Roy E. Knauer & Co., Defendant-Appellant.

**Gen. No. 47,018.**

First District, Third Division.

May 15, 1957.

Released for publication June 26, 1957.

David A. Canel and Leonara A. Canel, of Chicago (Jay A. Canel, of Chicago, of counsel) for defendant-appellant.

Leonard J. Braver, of Chicago, for appellees.

JUDGE KILEY delivered the opinion of the court.

This is a suit for recovery of earnest money involved in a real estate transaction. The defendants Welsch were dismissed from the case. The court without a jury found for the plaintiffs and against defendant Knauer. Judgment was entered in favor of plaintiffs for $2,000 and Knauer has appealed.

In September, 1955 Knauer was a licensed real estate broker doing business as Roy E. Knauer and Company, and Arthur Boehme was one of his salesmen. Knauer's firm was engaged by the Welschs to sell their bakery. Plaintiff Edward J. Lasen, who had once worked for the Welschs, called Boehme in response to an advertisement offering the business for sale. Boehme informed the Lasens that they could buy the bakery for $15,000, and that he could get them a lease of the premises in which it was located for $350 per month. In the written contract the seller expressly represented that the bakery "averaged" $1,800 income per week. A meeting was arranged between the Lasens and the Welschs. Edward J. Lasen, who "didn't understand bookkeeping," inspected the books, and on October 4, 1955, the Lasens signed a contract to purchase the bakery, giving Boehme a check for $2,000. The signed contract provided that the check was to be held by Knauer as "earnest money" "pending consummation of the transaction." The contract, or offer to purchase, was expressly contingent upon the Lasens obtaining a three year lease for $350 per month. Delivery of the contract and check was conditioned upon this contingency. Lasen's attorney on the closing date found the lease, presented by Boehme, and the books unsatisfactory, the Lasens refused to perform and demanded that Knauer return the $2,000 earnest money. Knauer refused to do so and plaintiffs sued.

The vital question here is whether the trial court correctly decided that Knauer was escrowee of the $2,000, to which plaintiffs were entitled.

66

Defendant's principal contention is that the judgment must be reversed since it rests on the theory that he was an escrowee, and the record shows he was not. In his answer he averred, and in the trial court Knauer testified that he held the money as an escrowee. Knauer's position here is that because he acted on behalf of the Welschs in negotiating this transaction he could not be an escrowee as a matter of law.

██ In support of his contention he cites Gronewold v. Gronewold, 304 Ill. 11, 16. In that case the court held that a bank cashier, formerly a practicing attorney, who advised the grantors as to how to make a transfer in escrow, was not thereby incapacitated from acting as an escrowee. The court, after stating the general rule that the escrowee must be so free from any personal or legal identity with the parties that he can discharge his duty to one without breaching his duty to the other, quoted the footnote to Case Threshing Machine Co. v. Barnes, 19 Ann. Cas. (Ky.) 246, 250:

". . . it has now become the settled rule in most jurisdictions that a general agent of the grantee, obligee or payee of an instrument is not incapacitated from acting as depositary of the instrument but becomes the agent of both parties for the purposes of the escrow."

This latter rule seems even more applicable to the instant case where Knauer is at most a special agent. In Gronewold, the court pointed out that the existence of an escrow is a question of fact.

██ From the language of City of Chicago v. Barnett, 404 Ill. 136, 140, cited by defendant, it is clear that a broker can be the agent of both parties with their knowledge and consent. Defendant argues that cases cited by plaintiffs can be distinguished in that the purported escrowees were found to be acting for

67

the "mutual benefit" of the parties. He points to nothing in the record, however, to show that the parties to this transaction did not understand defendant to be acting for their mutual benefit in holding the money in controversy. Connolly v. Bachman, 209 Ill. App. 327, cited by defendant, is not controlling here because it was not an action against the escrowee.

■ We conclude that the trial court did not err in deciding Knauer was escrowee of the earnest money.

The question now is plaintiffs' right to recover the earnest money from Knauer as escrowee.

■ The contract between the parties provided that the earnest money was to be held by Knauer "pending consummation of the transaction." Since the contract was expressly contingent upon consummation, plaintiffs were not bound until that condition was satisfied. Crawford v. Abraham Lincoln Life Ins. Co., 278 Ill. App. 576, 594; Campbell Investment Co. v. Taylor, 246 Ill. App. 433, 439. In the instant case plaintiffs assert at least two conditions precedent to this contract, inspection of the bakery's books by their attorney, and their obtaining a satisfactory lease.

There is a dispute as to whether it was understood between the parties and Boehme that Lasen's attorney was to check the contract, lease, and accounts, before the contract would become binding. Edward Lasen testified that he told Knauer's agent Boehme that he was to hold the check until Lasen had his lawyer examine the contract and the books to ascertain the bakery's "average" income. Boehme denied this, but we are referred to nothing in the record that makes Lasen's testimony unbelievable.

■ While the agreement was silent as to terms of the lease, other than $350 monthly rent, defendant must have understood that reasonable terms were required. The proffered lease did not include the basement, which was necessary to the operation of the

bakery, and it contained a provision that the lessor could cancel if he found, as sole judge, the tenants were causing noxious odors. The trial court could justifiably conclude from these facts that plaintiffs did not obtain the lease contemplated in their offer of purchase. The record therefore supports a finding that the transaction was not "consummated," and that plaintiffs were entitled to recover. Knauer was not the judge of the sufficiency of performance, Ortman v. Kane, 389 Ill. 613, 621, and no justification exists for his withholding the earnest money. Furthermore, the Welschs were neutral and did not tell Knauer not to return the money.

For the reasons given the judgment is affirmed.

Affirmed.

FEINBERG, P. J., concurs.

LEWE, J., took no part.