Louis Jilek, Plaintiff-Appellee, v. Missouri Pacific Railroad Company, Defendant-Appellant, and Illinois Central Railroad Company, Defendant.

Term No. 57–F–3.

Fourth District.
May 15, 1957.

Hickman & Hickman, of Benton, Walker & Williams, and David B. Stutsman, all of East St. Louis (T. T. Railey, of St. Louis, Missouri, of counsel) for Missouri Pacific Railroad Company, defendant-appellant.

Moses Pulverman, and Roy C. Martin, both of Benton (Herbert J. Deany, and Joseph H. Wright, both of Chicago, of counsel) for Illinois Central Railroad Company, defendant-appellee.

William G. Eovaldi, and Elmer Jenkins, both of Benton, for Louis Jilek, as plaintiff-appellee and plaintiff-appellant.

JUDGE CULBERTSON delivered the opinion of the court.

This action involves a proceeding against two defendants, Missouri Pacific Railroad Company, and Illinois Central Railroad Company. The appeals in each case are taken separately and shall be treated separately in the course of this opinion. In one case the plaintiff Louis Jilek, is appealing from the order of the Circuit Court of Franklin county denying his motion for new trial which raised the point that the Trial

Court erred in refusing to permit him to amend his pleadings to conform to the proof, and in directing a verdict in favor of Illinois Central Railroad Company. In the other case the defendant, Missouri Pacific Railroad Company, is appealing from a judgment in the sum of $10,000, based on a verdict of a jury in favor of plaintiff, Louis Jilek, as against defendant, Missouri Pacific Railroad Company. The Missouri Pacific Railroad Company filed a motion for judgment notwithstanding verdict, and contends on appeal that the Court should have allowed such motion, so that the only issue before us in the Missouri Pacific case is whether plaintiff has made out a case which was properly submissible to the jury.

The facts in the case show that on April 23, 1953 plaintiff, Louis Jilek, was employed as a load rider at a coal mine near Waltonville, Illinois. His duties required him to get on the coal cars after they were loaded under the tipple and to ride and control the coal cars down the slope across the scales at such a slow rate of speed that the cars could be weighed, and after crossing the scales to leave the cars, where they were then to be attended by another employee. On the day in question plaintiff got on a Missouri Pacific coal car after it had been loaded under the tipple, and proceeded to let the car roll down the incline. An Illinois Central coal car was stalled down on the slope at a point either on or just past the switching point. There was some evidence to the effect that the brake of the Illinois Central coal car was dragging. This evidence came out on the trial and apparently was not known to plaintiff prior to the time of the trial.

The position of the Illinois Central car was noted by the plaintiff as he proceeded to let the Missouri Pacific car roll down the incline, and he testified that he assumed that the Missouri Pacific coal car on which he was riding would respond to the brake control wheel which he manipulated, but that the brake control wheel

failed to slow or stop the car, so that it collided with the stalled Illinois Central coal car at the switch point. Plaintiff was crushed between the two cars and received severe abdominal injuries.

Action for damages and personal injuries was instituted against both defendants, alleging against both that it was their duty to deliver to the consignee coal company cars in reasonably safe condition; that they failed to make a reasonable inspection of the coal cars before turning them over to the coal company; that they assigned the Missouri Pacific coal car which was equipped with defective brakes and that because of the bad brakes on this car, it failed to stop or slow down when plaintiff applied or manipulated the hand brake in the usual and normal manner, as the result of which he was injured. The railroad companies deny the allegations of the complaint, and Illinois Central Railroad specifically denied that the Illinois Central Railroad was under any duty to inspect the Missouri Pacific car.

■ With reference to the Illinois Central proceeding alone, at the close of plaintiff's case a motion was made by plaintiff to conform the pleadings to the evidence by alleging, in substance, that Illinois Central delivered a car with bad brakes, followed with the usual allegations relating such defective condition to the injury. It is also contended by the plaintiff in this Court that Illinois Central was responsible for the condition of the Missouri Pacific car since it moved such car a short distance, even though the car was delivered by Missouri Pacific railroad to the general yard to be loaded. There were no patent defects shown to exist in the brakes of the Missouri Pacific car, under the evidence, and since the Missouri Pacific car was simply moved by the Illinois Central from the joint yard to the mine to be loaded with coal for shipment by the Missouri Pacific, we find no support for the contention that Illinois Central should be charged with

responsibility for the condition of the Missouri Pacific car.

■■ The only defect on the Illinois Central car which had been alleged in the complaint was the maintenance of defective couplers. The plaintiff's contention was that he should have been permitted at the close of the evidence to file an amendment charging defective brakes of the Illinois Central car. This would have raised the question as to whether or not the Illinois Central car which was stalled on the switch, could have been the proximate cause of the accident. The plaintiff testified that he knew the Illinois Central car was stalled on the switch when he got on the Missouri Pacific car some 300 feet away, and that he intended to bump the Illinois Central car off the switch. The courts of this state have held that if the negligence does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent act of a third person, the two are not concurrent, and the existence of the condition is not the proximate cause of the injury (Seith v. Commonwealth Elec. Co., 241 Ill. 252, 259–260; Merlo v. Public Service Co., 381 Ill. 300, 317). The court below in denying the request of plaintiff to amend apparently had this consideration in mind, and since a motion for leave to amend the pleadings is addressed to the sound discretion of the court, a judgment will not be reversed for refusal to allow such amendment unless there has been an abuse of discretion (Brockob Const. Co. v. Trust Co. of Chicago, 6 Ill.App.2d 565, 570; Martin v. Kozjak, 5 Ill.App.2d 390, 393).

■■ While we support the principle that in all cases and at any time before final judgment in a civil action amendments should be allowed on such terms as are just and reasonable, changing the cause of action or adding new causes of action, and there should be the greatest liberality in allowing such amendments,

we feel that the action of the court in the instant case in view of the evidence showing that the alleged negligent omission could not have been the proximate cause of the injury was proper and should not be reversed.

There is no evidence in the case which would justify a verdict against Illinois Central Railroad, and the allowance of the motion for directed verdict and entry of judgment in favor of Illinois Central was proper and will be affirmed.

As to Missouri Pacific Railroad Company, it is contended on appeal in this court by the railroad company, rather vigorously, that there was no showing that Missouri Pacific Railroad Company was guilty of negligence and that the evidence did not clearly establish that the brake on the Missouri Pacific car was defective. It was also contended that plaintiff was guilty of contributory negligence at the time of the collision and was, therefore, not entitled to recover as a matter of law.

 Questions of a defendant's negligence and of a plaintiff's contributory negligence are ordinarily questions of fact to be decided by the jury if there is any evidence to support a finding of negligence and a finding of freedom from contributory negligence. (Blue v. St. Clair Country Club, 7 Ill.2d 359). In the case before us it is obvious that Missouri Pacific Railroad had a duty to use ordinary care to inspect its railroad cars to see that the cars were reasonably safe before delivering them to the consignee (Waldron v. Director General of Railroads, 266 Fed. 196). If the jury believed the testimony of plaintiff alone concerning the failure of a hand brake to stop or slow the Missouri Pacific coal car as he was going down the incline, then sufficient evidence was presented to justify the submission of the case to the jury (Welch v. N. Y., Chicago & St. Louis Ry. Co., 5 Ill.App.2d 568). The question of whether or not the plaintiff was guilty of contributory negligence was, under the facts in this

case, peculiarly one for the jury. Plaintiff testified that he looked at the Illinois Central car as he started down the incline on the Missouri Pacific car and did not thereafter look at the Illinois Central car, but attempted to apply the brake on the Missouri Pacific car and thought that the brake was slowing down or stopping this car and that he remained in a position between the cars rather than moving to the side or another position which would be normally a safer position. We cannot say, as a matter of law, under the circumstances that this constitutes contributory negligence.. Since his duties required that he make effort to reduce the speed of the coal cars in the process of running them across the scales to be weighed, and since he normally would expect the cars to respond to the application of the brakes, the question of whether his conduct constituted contributory negligence became peculiarly one for the jury to determine.

Under the facts and circumstances in the case, therefore, we believe that the judgment of the Circuit Court of Franklin County against the Missouri Pacific Railroad Company was proper and should be affirmed.

Affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.