WILLIAM P. KELLY, Plaintiff-Appellee, *v.* WILLIAM H. TERRILL *et al.*, Defendants-Appellants.

(No. 70-183;

Second District—April 14, 1971.

Paul T. Kalinich, of Glen Ellyn, for appellants.

Halfpenny, Hahn & Ryan, of Chicago, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendants appeal from a judgment entered in favor of the plaintiff for the return of a $1500.00 earnest money deposit made by him under a real estate sale contract. The case was tried without a jury.

On July 9, 1967, the parties entered into a written agreement, prepared by the attorney for the defendants, whereby the plaintiff agreed to purchase the home of the defendants located at 380 Maple Avenue, Glen Ellyn, Illinois, for a price of $26,500.00. A deposit of $1500.00 was given by the plaintiff to the defendants at that time for earnest money pursuant to the terms of the contract. The contract also contained the following provision:

"Performance by Buyer is contingent upon their ability to procure an FHA loan or other financing in the amount of $25,000.00 within 14 days of the date hereof. Unless a mortgage loan in this amount is made available after diligent effort, this contract shall be considered null and void and Buyers shall be entitled to a refund of all sums paid hereunder."

The amount of the loan had been changed by the parties after the contract was prepared but prior to the time it was signed and was apparently changed without the knowledge of the attorney for the defendants since he testified that in his opinion it was not possible to obtain a loan of that size for the property in July, 1967.

The plaintiff testified that he visited a bank in Chicago on July 10 and asked for a loan of $25,000.00 but was refused. He then contacted the Hinsdale Federal Savings and Loan Association but was also unable to obtain a $25,000.00 loan from them. On July 12, 1967, the plaintiff submitted a written application to Hinsdale Federal for a loan of $23,700.00 on the property wherein he listed assets owned by him of approximately $8850.00. On July 27, Hinsdale informed the plaintiff that his loan application for $23,700.00 was approved and forwarded the mortgage documents to him to be signed.

In the meantime, the plaintiff spoke to the attorney for the defendants

by telephone on or about July 23 and they discussed an extension of the time provisions to permit the plaintiff to obtain a loan. Approximately one week later, the plaintiff telephoned William Terrill, one of the defendants, and advised him that he could not obtain a $25,000.00 mortgage and that, in any event, he would not purchase the house since his employer had transferred him to Milwaukee. The plaintiff asked for a refund of his $1500.00 but was refused.

In their brief, the defendants maintain that the finding of the trial court that the plaintiff made a "diligent effort" to obtain a $25,000.00 mortgage was against the manifest weight of the evidence and that their motion for summary judgment was improperly denied. However, both of those points were waived before this court and will not be considered in our opinion.

■■ The defendants contend that the plaintiff, by his conduct, waived his right to insist upon a $25,000.00 loan and that he should be estopped from asserting the failure to obtain that amount when the evidence showed he had sufficient assets to purchase the home. In support of this contention, the defendants argue that "the clear intent of the contract provision relating to financing is to insure that the Buyer has enough money to close the sale." It is elementary contract law, however, that the intention of the parties must be ascertained, if possible, from the language employed in the contract itself and, where there is no ambiguity, from such language alone. (*La Salle National Ins. Co. v. Executive Auto Leas. Co.*, 257 N.E.2d 508, 121 Ill.App.2d 430, 437; *Industrial Commodity Corp. v. E. J. Brach & Sons*, 235 N.E.2d 857, 859, 92 Ill.App.2d 163, 166.) If the intention of the parties can be ascertained from the agreement itself, rules of construction have no application and the court should not consider extrinsic facts to determine that intention. *Bowler v. Metropolitan Sanitary Dist. of Gr. Chicago*, 254 N.E.2d 144, 147, 117 Ill.App.2d 237, 242.

■■ The language employed in the contract before us is clear and unambiguous. Unless the plaintiff was able to procure a loan of $25,000.00 within 14 days after "diligent effort" the contract was null and void and he was entitled to a refund of his earnest money deposit. This being so, the financial condition of the plaintiff was of no significance. *Katz v. Brooks*, 65 Ill.App.2d 155, 159.

■■ The theory of estoppel, also urged by the defendants, has no application to the facts of this case. An estoppel has been defined as follows:

"Estoppel * * * arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces an-

other to believe and have confidence in certain material facts, and the latter having the right to do so, relies and acts thereon, and is as a reasonable and inevitable consequence, misled, to his injury."
*Shapera v. Fargo et al.*, 240 Ill.App. 145, 154; *Moline v. I.F.C. Finance, Inc. v. Soucinek*, 91 Ill.App.2d 257, 260.

■■■ There is absolutely no evidence to indicate that the plaintiff at any time induced the defendants to believe he would purchase their home even if he could not obtain a $25,000.00 mortgage. His application for a loan of a lesser amount, communicated only to the lending institution, was neither a waiver of his rights under the contract or such conduct as would estop him from asserting those rights. Under the circumstances, the judgment of the trial court was entirely proper and will be affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.