2 Ill. App.3d 951 (1971)
275 N.E.2d 688
LLOYD C. HELLE, Highway Commissioner for Lee Township Road District, Plaintiff-Appellee,
v.
BILLY G. BRUSH, Defendant-Appellant.
No. 71-87.
Illinois Appellate Court  Third District.
November 17, 1971.
*952 James J. Elson, of Canton, for appellant.
Froehling & Taylor, of Canton, for appellee.
Judgment affirmed.
Mr. JUSTICE DIXON delivered the opinion of the court:
Plaintiff, Lloyd C. Helle as Commissioner of Highways of Lee Township, Fulton County, Illinois, filed a complaint on May 7, 1969, alleging that plaintiff was operating a road grader on a rural road in the township on June 28, 1968. Defendant Billy G. Brush was driving his automobile on the same road that day in the opposite direction and there was a collision. Plaintiff's complaint sought judgment against defendant for $1,427.20 for property damage.
Defendant answered the complaint and concurrently on June 5, 1969, filed a counterclaim alleging extensive personal injuries as a result of the collision on June 28, 1968, and sought damage from the plaintiff of *953 $150,000.00. The counter claim failed to allege compliance with the notice provisions of section 8-102 of Chapter 85, Ill. Rev. Stat. 1967.
On June 6, 1969, plaintiff answered the counterclaim by filing a general denial. By leave of court, plaintiff withdrew his answer and on May 12, 1971, filed a motion to dismiss the counterclaim on the ground that the notice of injury required by Section 8-102 of the Tort Immunity Act had not in fact been given. The Court allowed plaintiff's motion and dismissed the counterclaim with prejudice.
The sole issue presented to us for decision is whether the trial court was correct in holding the failure to give notice as required by the applicable statute barred the counterclaim.
The parties agree that any person who wishes to file a tort complaint against a local public entity must give notice of injury within six months from the date the cause of action occurred. Appellant contends that such compliance is necessary only to commence an action and that failure to give notice does not strip him of his right to counterclaim. The question then is, whether one may assert by counterclaim that which he would be barred from asserting if he brought a separate independent suit.
 1, 2 A counterclaim is in substance a complaint filed by defendant. It is not a defense on the merits. Busse v. Muller, 295 Ill. App. 101. It is an independent cause of action and must be complete within itself. Wilson v. Tromly, 404 Ill. 307. In short a counterclaim stands on the same footing, and is to be tested by the same rules, as if it were an independent action.
 3 Appellant next contends that since the local public entity commenced the action it obviously had knowledge of all pertinent facts so that the purpose of the notice was satisfied. This contention was first disposed of in Sappington v. Sparta Municipal Hospital Dist., 106 Ill. App.2d 255 where the Court said "This argument sounds good until it is analyzed. The giving of a formal notice permits the defendant time to attempt to settle the case before suit is filed. It also lets them know they are about to be sued so they can prepare their defense. In these days when defendants are often insured, the notice requires the defendant to notify his insurance carrier. None of these things are accomplished without the formal notice."
 4, 5 Appellant next contends that when plaintiff first answered the counterclaim by a general denial he waived the right to assert the defense of non-compliance with section 8-102 in a motion to dismiss. Cases cited by appellant to support this theory merely hold that affirmative defenses must be raised by the pleadings and the failure to so raise them is deemed a waiver of the defense. The Civil Practice Act authorizes the allowance of an amendment "in any matter, either of form or substance", *954 in any pleading, "which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand". (Ill. Rev. Stat., ch. 110, par. 46(1).) The greatest liberality should be applied in allowing these amendments. (Jilek v. Missouri Pac. R. Co., 13 Ill. App.2d 518.) See also Davidson v. Olivia, 18 Ill. App.2d 149 where it was held that the trial court did not abuse discretion in permitting defendants to withdraw answers and file motions to dismiss on ground action was barred by Statute of Limitations. Numerous decisions have held that the granting or denying of an amendment to the pleadings is a matter for the discretion of the Trial Court whose ruling will not be disturbed on review unless there is a showing of abuse of that discretion. (Lang v. Board of Ed., 109 Ill. App.2d 195.) We cannot say the Trial Court abused its discretion in this matter.
The last argument raised by defendant is that S.H.A. ch. 83, Sec. 18 should control. "A defendant may plead a set-off or counterclaim barred by the statute of limitation * * * to any such action, the cause of which was owned by the plaintiff * * *, before such set-off or counterclaim was so barred, * * *."
 6, 7 The notice requirement of section 8-102 of the Tort Immunity Act has been held to be a condition precedent to the right to sue, being a matter of substance and not merely procedural. (Schear v. City of Highland Park, 104 Ill. App.2d 285, at 289.) By way of contrast a true Statute of Limitations is only considered as being procedural in its application. 51 Am.Jur.2d, Limitations of Actions, sec. 21.
 8 We are required to hold that the provision of the Limitations Act creating an exception to limitation periods in the event of a set-off or counterclaim, have no application to the Notice requirement of the Tort Immunity Act.
 9 We are of the opinion that the trial court was correct in holding the failure to give notice barred the counterclaim.
Judgment affirmed.
ALLOY, P.J., and SCOTT, J., concur.