John C. Marbach, J.
Little Pond Hill, Inc., petitioner, brings this article 78 proceeding to set aside respondents’ determination withdrawing its prior approval of petitioner’s site plan for garden-style apartments for failure to post a performance bond in the amount of $525,000.
On November 9,1972, the respondent Planning Board granted site plan approval to petitioner’s site plan subject only to posting of a performance bond as required under section 280.5 of the Zoning Ordinance of the Town of Patterson (hereinafter referred to as Zoning Ordinance). That section reads as follows: “ The Planning Board, in considering the recommendation of the engineering authorities available to it, shall set the amount of a performance bond to cover the full cost pf the site improvements as shown on the site plan. A duly designated official of the Town shall inspect the improvements during construction to assure their satisfactory completion and the bond shall be released or reduced only upon certification of said official that all or a portion of the required site improvements have been completed to his satisfaction, and in accordance with the provisions of the Town Law.” In section 280.6 of the Zoning Ordinance, payment of a fee ‘£ for approval of a site plan” in an amount equal to 4% of the performance bond is required.
Petitioner urges as grounds for the relief sought in this proceeding that the above-quoted section is invalid by reason of the fact that a performance bond may be required only in cases involving plat plans, as distinguished from site plans, pursuant to section 277 of the Town Law and for unimproved, mapped streets pursuant to section 280-a of the Town Law. Petitioner also urges that, in any event, respondents’ action is arbitrary and capricious because, for a substantially similar site plan previously submitted by petitioner to the Planning Board, a bond of only $95,000 was requested.
The court treats this proceeding as an action for a declaratory judgment to determine the validity of section 280.5 of the *991 Zoning Ordinance (Matter of Kovarsky v. Mousing & Development Administration of City of N. Y., 31 N Y 2d 184,191-192).
Respondents argue that Matter of Peckham Ind. v. Ross (61 Misc 2d 616, affd. 34 A D 2d 826) stands for the proposition that sections 276 and 277 of the Town Law authorize a town planning board to require an applicant on site plan approval to post a bond for performance of the conditions imposed by the planning board. Respondents point out that PecJcham Industries involved an application for site plan approval before the Town of Patterson Planning Board for the operation of a quarry, apparently pursuant to a request for a special permit use.
It is significant that in Peckham Industries, the applicant did not object to the posting of a performance bond for compliance with certain imposed conditions. The applicant did object to a requirement for a bond for damages to other property arising out of its quarry work. The lower court held (61 Misc 2d 616, 618): “ Since it appears that the only provisions for posting bonds in this case are sections 276 and 277 of the Town Law, the respondent is authorized to require a bond for the performance of conditions imposed with respect to the site, to which petitioner has agreed, but not a bond as to damages.” On the merits, the Appellate Division affirmed the grant of Peckham Industries’ application for the reasons stated in the lower court’s decision.
In this court’s opinion, the result in Peckham Industries is limited to its facts (Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584, 588) and does not stand for the proposition that a municipality may require a performance bond as a condition for site plan approval.
The only explicit authority found in article 16 of the Town Law entitling a municipality to require performance bonds lies in sections 277 and 280-a. However, section 277 applies only to subdivision approvals, which is not the case here, and the bond under section 277 is only to cover such improvements as streets, sidewalks, curbs, gutters, water mains, etc. Section 280-a of the Town Law applies to erection of buildings by permit in situations where a street or highway giving access to such structures has not been placed upon an official map or plan.
Section 280.5 of the Zoning Ordinance cannot be justified by the authority found in those sections in the Town Law, assuming they were applicable. In the instant proceeding, the Town Engineer for the Town of Patterson has required a bond covering such diverse items such as a swimming pool, tennis courts, *992 retaining walls and excavation. These improvements might be within the ambit of ‘ ‘ the full cost of the site improvements ’ ’ as provided in section 280.5 of the Zoning Ordinance, but exceed the authorizations found in sections 277 or 280-a of the Town Law. Such inclusions unnecessarily increase the fees required under section 280.6 leading to possible restrictions upon the private use of land. Moreover, if the purpose of the performance bond is to insure that improvements are completed in accordance with the site plan, is it the respondent’s intent to complete such facilities upon private lands in the event of a default? That is the requirement under subdivision 1 of section 277 of the Town Law in regard to the streets, sidewalks, etc., “as are covered by such performance bond”.
The court holds that section 280.5 of the Zoning Ordinance of the Town of Patterson is invalid. There is no authority in article 16 of • the Town Law for such a requirement and, lacking such authority, the provision is in excess of the powers delegated to the municipality by the Legislature (cf. Matter of Bon-Air Estates v. Building Inspector of Town of Ramapo, 31 A D 2d 502; Levine v. Town Board of Carmel, 34 A D 2d 796; Nemeroff Realty Corp. v. Kerr, 38 A D 2d 437). Even assuming that the performance bond requirement is within the police powers of the municipality, an assumption highly suspect in view of the decision in Matter of Bon-Air Estates v. Building Inspector of Town of Ramapo (supra), there has been no showing that this requirement involving private lands to be used for private purposes is related to some evil, existing or reasonably apprehended, which the police power may be invoked to prevent (Salamar Bldrs. Corp. v. Tuttle, 29 N Y 2d 221, 226).
The petition is granted and the respondents’ determination revoking site plan approval for failure to provide a performance bond is hereby annulled and vacated. The court declares section 280.5 of the Zoning Ordinance of the Town of Patter.son invalid. The court makes no finding as to whether section 280-a of the Town Law is applicable in the present proceeding and whether a performance bond may be required under that section.