THE VILLAGE OF NORTH RIVERSIDE, Plaintiff-Appellant, *v.* BROOKFIELD-NORTH RIVERSIDE WATER COMMISSION *et al.,* Defendants-Appellees.

(No. 57921;

First District (5th Division)—November 2, 1973.

*Modified upon denial of rehearing December 11, 1973.*

Staehlin, Jantorni and Sullivan, of Chicago, (John M. Sullivan and Philip J. McGuire, of counsel,) for appellant.

Frank J. Pause and Dom J. Rizzi, both of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

Plaintiff appeals from the entry of a summary judgment in favor of defendants, Brookfield-North Riverside Water Commission, an Illinois Municipal Corporation, and the Commission members, William Kinst, Claude G. Fourie and Joe S. Kosarek, on its complaint to enjoin defen-

dants from installing certain water transmission mains and implementation of a bond issue necessary to finance the project undertaken by the defendants.

Pursuant to an enabling ordinance entered into by the adjacent communities of North Riverside and Brookfield, the Commission was established as an autonomous corporation to supply water requirements of the two villages from the Commission's plant location situated within the corporate limits of Brookfield. Three commissioners, one each appointed by the participating villages, and a chairman, appointed by the judges en banc of the Circuit Court of Cook County, govern the Commission. In 1968 the Commission undertook the improvement and extension of the water supply system with North Riverside. Included in this development is a proposed water transmission line from the Commission's plant in Brookfield to a point within Brookfield where the Commission's line would be connected to a Brookfield water line. It is the plaintiff's contention that section 1(b) of the ordinance prohibits the Commission's financing of water transmission lines within the corporate limits of a municipality that it serves or, alternatively, that the ambiguity in the language of the ordinance makes a summary judgment improper.

OPINION

■■ It is elementary contract law that the intention of the parties control where the language employed is ambiguous and, conversely, where there is no ambiguity in the written terms it is the instrument that affords the sole criterion of the parties intentions. (12 I.L.P. Contracts, sec. 213; *Walgreen Co. v. American National Bank & Trust Co. of Chicago*, 4 Ill.App.3d 549, 281 N.E.2d 462; and *Kelly v. Terrill*, 132 Ill.App.2d 238, 268 N.E.2d 885.) Ultimately, the existence of an ambiguity is a question of law to be determined by the court. *Whiting Stoker Co. v. Chicago Stoker Corp.* (7th Cir., 1949), 171 F.2d 248.

The section of the ordinance that has provoked this controversy states:
> "The Commission shall supply and deliver hereunder all water required by the Village for any and all public, domestic, industrial and other private uses at such convenient point or points as shall be designated by the Village and approved by the Commission; provided, however, if the mains of the Commission shall not enter or abut the corporate limits of the Village then the Commission will extend a lateral from its main to some convenient point upon the corporate limits of the Village designated by the Village and approved by the Commission."

■■ We find nothing in this section prohibiting the contemplated project. It is a commonplace principle that a municipal corporation can exercise those powers necessarily implied in or incident to the powers

expressly granted. (*Strub v. Village of Deerfield*, 19 Ill.2d 401, 167 N.E.2d 178.) The ordinance is silent with respect to the Commission's placement of water lines within the corporate limits of a municipality that it services and it would be error here to equate the absence of such a provision as an implied intention to prohibit that conduct where it may be said that it is necessary to the beneficial exercise of the expressly conferred powers. *People ex rel. County of Du Page v. Smith*, 21 Ill.2d 52, 173 N.E.2d 485.

Neither do we perceive any ambiguity in the language employed. The act empowers the Commission to extend lateral lines from its main to the Village lines at various convenient points along the corporate limits. It is urged that this court adopt by negative implication the limitation that there is no authority vested in the Commission to finance any further extension of lateral lines. The plaintiff argues, in effect, that it is the Commission's responsibility to construct water lines to North Riverside's corporate limits (and presumably no further), but beyond the authority of the Commission to construct water lines within Brookfield itself.

■■  Acceding to this interpretation would create an ambiguity where none exists. A contract is ambiguous only if the language employed is susceptible to different constructions when read in their plain and ordinary meaning. (*Whiting Stoker Co. v. Chicago Stoker Corp., supra.*) The ordinance contains no restrictions on the Commission's placement of water lines within a municipality that it serves. The evidence in the record supports this position in that the Commission has at least since 1968 operated water lines within the village of Brookfield. The assertions of contrary meanings in the affidavits filed by the parties are not determinative of whether such provisions are ambiguous. (*Swift v. Hemp & Co.*, 80 Ill.App.2d 478, 224 N.E.2d 479.) We conclude as a matter of law that section 1(b) is not ambiguous.

■■  There being no genuine issue of material fact, the trial judge properly entered summary judgment for the defendants. Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 57). *Allen v. Meyer*, 14 Ill.2d 284, 152 N.E.2d 576.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J., and SULLIVAN, J., concur.