PIED PIPER YACHT CHARTERS CORPORATION, Plaintiff-Appellee, *v.* JANE CORBEL *et al.*, Defendants-Appellants.

(No. 57801;

First District (5th Division)—January 18, 1974.

James W. Malloy, of Chicago, for appellants.

Brown, Dashow, Arons & Doran, of Chicago (Richard A. Ginsburg, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Judgment was entered on the pleadings against defendants, Wheaton Health Resort, Inc. and Jane Corbel, its president, for $10,000 and costs. They appeal contending their answer raised material questions of fact.

Plaintiff, desirous of purchasing defendants' property and as a deposit therefore, issued an earnest money check on July 28, 1971, for $10,000, naming defendant, Jane Corbel, as payee. The back of the check, by way of a restrictive endorsement, contained the following condition:

> "This check to be held by payee as a deposit on proposed purchase of property * * * for 30 days or less until attorneys for both parties have drawn a mutually satisfactory Buy and Sell Agreement and Clyde Savings and Loan has issued the Loan commitment required. Check shall be returned in full if the purchase is not closed within 30 days. Endorsement shall constitute acceptance."

The check was endorsed and cashed. After unsuccessful attempts to consummate the transaction, negotiations finally ended but the proceeds of the check were retained by defendants.

Plaintiff, in its verified complaint, alleged that it attempted to close the purchase of the property within 30 days of the issuance of the check but was unable to do so, and that at the expiration of the 30 day period, it made numerous requests for the return of the check or its proceeds. Plaintiff further alleged that defendants converted the earnest money deposit and refused to return the check or the proceeds, in contravention of the endorsement requirement that it be "returned in full."

Defendants, in their verified answer, acknowledged receipt of the check and Jane Corbel's endorsement thereon. However, they denied that plaintiff made attempts to close the purchase of the property within 30 days and they further answered that at plaintiff's request and because of plaintiff's representations that a mortgage was or would be available and that the deposit was to act as a guarantee of performance, negotiations were continued for an additional four months beyond the 30 day period. They assert that this additional time put them to great expense and that the protracted negotiations "voided and excused any original intentions between the parties."

OPINION

■■ A motion for judgment on the pleadings tests the sufficiency of the pleadings, determining whether the plaintiff is entitled to the relief sought by his complaint or, alternatively, whether defendant, by his answer, has set up a defense which would entitle him to a hearing on the merits. (*Hartford Accident & Indemnity Co. v. Case Foundation Co.,* 10 Ill.App.3d 115, 294 N.E.2d 7.) When considering a motion for judgment on the pleadings, the trial court must ascertain whether there is an issue of fact. If there is not, then the only question is which party is entitled to judgment. *Transport Insurance Co. v. Old Republic Insurance Co.,* 6 Ill.App.3d 844, 286 N.E.2d 755; *Baillon v. S. S. Kresge Co.,* 4 Ill.App.3d 82, 277 N.E.2d 719.

Defendant's answer herein acknowledges receipt of plaintiff's check, the endorsement of Jane Corbel thereon and the conditional notation on the back of the check governing the disposition of the instrument. The answer, however, does not provide any factual basis for the retention of the check or its proceeds after negotiations ceased.[1] There is a reference made that defendants' incurred "great expense" by virtue of the fact that the property remained off the market for the term of the purported negotiations. We note, however, that the endorsement contains no provision for compensation to defendants for keeping the property off the market, nor does the answer inform us as to the theory of law under which plaintiff would be liable to them for any expense or loss suffered therefrom. Moreover, defendants' position that the continued negotiations after the 30 day period was a "waiver" of some kind on plaintiff's part is unclear as to whether it was the 30 day closing requirement or the return of the check or its proceeds that was waived. Assuming *arguendo* that

---

[1] The pertinent provisions of the answer are noted for purposes of illustration:

"4. Defendants deny that the plaintiff made attempts to close the purchase of said property set forth in paragraph 4 and answering further state affirmatively that at plaintiff's request, negotiations continued throughout July, August, September and October, upon plaintiff's representations that a mortgage was available, or would be available, and at plaintiff's assurances of sale all causing great expense on part of the defendants and keeping the said property off the market for a period in excess of four months, all at plaintiff's assurance that the deposit could and should be guarantee of performance.

5. Defendants state that no demand was made for return of the funds until late October of 1971.

6. Defendants deny that they wrongfully or intentionally converted the funds for their own use and all the other allegations contained in paragraph 6, and answering further state that the continued extensions of time in which negotiations took place voided and excused any original intention between the parties as set forth on said exhibit."

plaintiff "waived" his right to a 30 day closing requirement, defendants have not, on the basis of their pleadings, shown how this would allow them to retain the $10,000. In any event, we believe there is no specific factual reference made in the answer which would support a conclusion of waiver.

■■ We are of the opinion, as was the trial court, that the allegations in defendants' answer in the above regard were mere conclusions, and, when coupled with defendants' admissions, were insufficient to avoid the legal effect of the terms of the endorsement. In passing upon a motion for judgment on the pleadings, the court must consider only those material facts and allegations which are well pleaded, disregarding all surplusage and conclusory allegations. (*Zeinfield v. Hayes Freight Lines, Inc.*, 82 Ill.App.2d 463, 226 N.E.2d 392.) Motions for judgment on the pleadings admits the truth of facts well pleaded, as distinguished from mere conclusions, together with all fair inferences to be drawn therefrom. *Arlington Heights National Bank v. Village of Arlington Heights*, 33 Ill.2d 557, 213 N.E.2d 264; *Schmidt v. Landfield*, 20 Ill.2d 89, 169 N.E.2d 229.

■■ If we were to consider the allegations in paragraph 4 of defendants' answer (the "great expense" to which defendants were put) as a set off, the same deficiencies noted above would apply. Additionally, such a defense must stand on the same footing, and is to be tested by the same rules, as if it were an independent action. (*Helle v. Brush*, 2 Ill.App.3d 951, 275 N.E.2d 688; Ill. Rev. Stat. 1971, ch. 110, par. 38(3).) The application of these rules to the allegations of paragraph 4 leave them far short of establishing a cause of action upon which recovery could be had. Accordingly, since they are lacking in the requisite specificity to stand as an independent cause of action, the court was correct in not considering them as a defense to the claim of the plaintiff here.

■■ Finally, we note the well established contract law that the intention of the parties be ascertained, if possible, from the language employed in the contract itself and, where there is no ambiguity, from such language alone. (*Kelly v. Terrill*, 132 Ill.App.2d 238, 268 N.E.2d 885.) See also, *Lasen v. Knauer*, 14 Ill.App.2d 64, 143 N.E.2d 66, which involved a $2,000 earnest money deposit by a check to be held by the broker (Knauer), conditioned on certain contingencies. The conditions were not met and, in holding plaintiff was entitled to the return of the money, the court stated:

> "The contract between the parties provided that the earnest money was to be held by Knauer 'pending consummation of the transaction.' Since the contract was expressly contingent upon

consummation, plaintiffs were not bound until that condition was satisfied. [Citations.]"

■■ Here, the parties agree that closing negotiations had ended and, in the absence of any showing in the record of special defenses, the language of the endorsement clearly required the return of the earnest money. We conclude that the trial court correctly found that defendants did not raise any material question of fact in their answer and we therefore affirm.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.