In re ESTATE OF HAROLD GRABOW, Deceased.—(JAMES J. REIDY, Petitioner-Appellant, v. BETTY GALVIN, Respondent-Appellee.)

Third District   No. 79-213

Opinion filed November 27, 1979.

William A. Murphy and Anthony C. Sabbia, both of James J. Reidy, Ltd., of Chicago, for appellant.

Joel J. Sprayregen, of Aaron, Aaron, Schimberg & Hess, of Chicago, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This appeal involves a dispute as to the construction of a contingent fee contract between an attorney and his client.

Under the will of Harold Grabow, Betty Galvin was a devisee and legatee to one-third of the decedent's estate. After a suit to challenge the will was filed by 34 heirs-at-law of decedent, the attorney for the executor recommended that the heirs be paid 30 percent of the $1.8 million estate to settle their claim. Galvin then retained Attorney James J. Reidy to

represent her and entered into a retainer contract which provided as follows:

> "Galvin agrees to pay to Reidy as and for his fee for such representation 25% of any amount over one-third of 70% of the estate which she shall receive upon the distribution of said estate as a result of Reidy's representation of her in connection with the claims of the heirs-at-law of the late HAROLD GRABOW."

As a result of Reidy's efforts, the will contest was settled for $90,000. When Galvin refused to pay Reidy the $45,799 fee which he requested, Reidy petitioned the court for an adjudication of attorney's fees, alleging that the gross assets of the estate are $1,841,415.95, that Galvin's one-third share is $613,191, that 30 percent of her one-third is $183,957, and that 25 percent of 30 percent would be $45,799, the amount of his fee.

At the conclusion of the hearing on the petition, Judge Emil DiLorenzo entered an order, dated July 18, 1978, awarding Reidy fees in the amount of $45,799. Galvin had appeared *pro se* at the hearing, but on July 28, 1978, acting through counsel, she filed a petition to vacate the fee order. In that petition she alleged that the contract between Galvin and Reidy had provided for his fee to be computed, not upon the gross estate, but rather upon the amount over one-third of 70 percent of the *estate which she shall receive*, that she received $269,850.09, that 30 percent of the amount received equals $80,955.02, and that the fee of 25 percent of $80,955.02 equals $20,238.75. Reidy filed a motion to strike the petition, and both sides submitted written arguments. In her memorandum in support of the petition to vacate, Galvin requested the court to vacate the order of July 18, 1978, and to enter an order awarding Reidy fees of $20,238.75. On March 8, 1979, Judge Edwin B. Grabiec filed a written opinion and decision in which he found that the petition stated grounds for relief under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)) and that the order allowing fees of $45,799 was erroneous as a matter of law, was contrary to the express terms of the fee agreement, and was contrary to the manifest weight of the evidence adduced at the hearing on the petition for fees. The order of July 18, 1978, was "vacated and set aside."

Reidy then filed a notice of appeal which recited that he was appealing from the order entered by Judge Grabiec "by petition for leave to appeal pursuant to Illinois Supreme Court Rule 306." Galvin filed a motion to dismiss the appeal on the ground that the order appealed from was not a final appealable order, and we have taken that motion with the case. While Reidy does not dispute the assertion that Judge Grabiec's order was not a final appealable order, he argues that, nevertheless, the motion to dismiss should be denied because he is presenting a petition for leave to appeal under Supreme Court Rule 306. This rule provides in part:

"An appeal may be taken from an order of the circuit court granting a new trial only on the allowance by the Appellate Court of a petition for leave to appeal." (Ill. Rev. Stat. 1977, ch. 110A, par. 306(a)(1).)

Reidy contends that the order vacating the July 28, 1978, order was in effect an order granting a new trial for the determination of attorney's fees even though a new trial was not expressly ordered. As Galvin points out, Reidy offers no reason why an interlocutory appeal should be allowed. ■▌ We believe Galvin is technically correct, and we could quite properly dismiss this appeal or deny the petition for an interlocutory appeal. The result of either such ruling would be to return this cause to the Circuit Court of Will County where a new determination of fees would be made, and then, in all probability, an appeal would again be taken, which would raise the same question of construction of the contract. Therefore, in the interest of judicial economy, we choose to allow Reidy's petition for leave to appeal and to consider the issues presented.

Reidy first contends that the plain language of the retainer contract was clear and unambiguous and should, therefore, be construed as a matter of law. He suggests that the provision for Galvin to pay Reidy "25% of any amount over one-third of 70% of the estate which she shall receive upon the distribution of said estate" means that Reidy's fee is to be based upon Galvin's portion of the estate, not some other portion, and that the fee will be due at the time the distribution is made. He also says that nothing in the evidence or in the contract indicates that the parties intended the fee to be based upon anything less than the gross estate. ■▌ ▌ We agree that the question here is one of law, not fact. The construction of a contract is an issue of law to be resolved by the court (*Ahlvers v. Terminal R.R. Association* (1975), 31 Ill. App. 3d 166, 334 N.E.2d 329), and a reviewing court may make an independent determination of such a question. (*Rymer v. Kendall College* (1978), 64 Ill. App. 3d 355, 380 N.E.2d 1089.) However, we disagree with Reidy as to the plain meaning of the contract language. The contract expressly provides for Reidy to receive as his fee a percentage of the amount which Galvin receives and not a percentage of any greater amount. The original award of fees based upon the gross estate was erroneous as a matter of law, and the order to vacate was correctly granted.

■▌ Reidy also argues that the order to vacate was contrary to the manifest weight of the evidence, but we must reject this contention. Where, as here, there is no ambiguity in the contract as written, the instrument alone is the sole measure of the intention of the parties. (*Village of North Riverside v. Brookfield-North Riverside Water Com.* (1973), 15 Ill. App. 3d 752, 305 N.E.2d 221.) Since this appeal involves a

question of law, the rule that a reviewing court may set aside findings of a trial court if they are contrary to the manifest weight of the evidence does not apply. *Illinois Valley Asphalt, Inc. v. La Salle National Bank* (1977), 54 Ill. App. 3d 317, 369 N.E.2d 525.

At oral argument Galvin suggested that this court should, pursuant to Supreme Court Rule 366(a)(5), enter judgment fixing attorney's fees at $20,238.75. Rule 366 empowers a reviewing court to "give any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, * * * that the case may require." (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5).) Following oral argument, Galvin submitted a motion for leave to file a memorandum in support of the proposal that final judgment be entered, Reidy filed objections to the motion, and Galvin replied to the objections. Reidy concedes that this court does have authority to enter final judgment in this cause, but he says that Galvin never requested the circuit court to award a fee of $20,238.75, and that Galvin's computation is erroneous in any event. According to Reidy, Galvin has computed the fee on the basis of the amount she received after payment of her Illinois inheritance tax, while a proper computation would result in a sum not less than $26,396.47. Galvin points out that she did request the trial court to award fees of $20,238.75, and that, until he filed his objections after oral arguments, Reidy had never suggested an alternative figure other than the $45,799 amount based on the gross estate.

We are inclined to agree with Galvin that Reidy waived any objection he might have to her computation of her share of the net estate by failing to challenge her computation in the trial court. Even if his objections were not waived, we believe Galvin is correct.

Section 4 of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1977, ch. 120, par. 378) provides as follows:

> "Any administrator, executor or trustee having any charge or trust in legacies or property for distribution subject to the said tax shall deduct the tax therefrom, or if the legacy or property be not money he shall collect a tax thereupon upon the appraised value thereof from the legatee or person entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon; * * *."

This section has been held to mean that the inheritance tax assessed against a gift must be deducted therefrom before distribution. (*First National Bank v. Hart* (1942), 315 Ill. App. 541, 43 N.E.2d 569, *aff'd* (1943), 383 Ill. 489, 50 N.E.2d 461.) Thus, the share of the estate received by Galvin must be reduced by the amount of the inheritance tax thereon

before it is distributed to her. Since Reidy's fee is to be based upon the amount which Galvin actually receives, her computation is the correct one.

We therefore affirm the order of the Circuit Court of Will County which vacated the original fee award, and we direct the clerk of the appellate court to enter judgment in favor of Galvin adjudicating attorney's fees in the amount of $20,238.75.

Affirmed.

ALLOY and SCOTT, JJ., concur.