LA SALLE NATIONAL BANK, Trustee, Plaintiff-Appellee, *v.* THE VILLAGE OF BROOKFIELD, Defendant-Appellant.

First District (5th Division) No. 80-156

Opinion filed May 1, 1981.

Paul E. Hamer, of Brookfield, for appellant.

Herbert Lesser, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant, appealing from an order of the trial court finding a municipal ordinance unconstitutional, contends that the ordinance was valid because (1) it was enacted under its express or implied statutory powers; (2) it was a proper exercise of its police powers; and (3) plaintiff failed to overcome the presumption of its validity.

It appears that in 1965 defendant adopted a comprehensive zoning plan in which a tract of land owned by plaintiff as trustee was rezoned commercial. The property is described as covering 5.6 acres and bounded on all sides by streets. Located in the surrounding area are a large factory and a quarry to the south, ground level railroad tracks to the west, an arterial highway and a railroad to the east, and a commercially developed area to the north. Multifamily dwellings were constructed in the adjacent areas, but the parcel itself is unimproved. A park lies immediately to the northwest, and other vacant sites are scattered throughout the area, including one to the north owned by the school district.

The owners of the property in question sought unsuccessfully to have it commercially developed from 1965 until 1976, when plaintiff as trustee of the property petitioned the Village Zoning Board of Appeals (Zoning Board) seeking to have 3.5 acres of the property rezoned to multiple residential while keeping the remaining 2.1 acres zoned commercial. The Zoning Board voted in favor of the petition when the testimony indicated that only a small scale commercial development could be sustained in the area. When this decision was reversed by the Village Board of Trustees, plaintiff brought this action to enforce the decision of the Zoning Board and, on August 11, 1978, the court found in favor of plaintiff which, in effect, required defendant to rezone the property to permit multifamily dwellings on a portion thereof with the balance remaining commercial. That order was not appealed.

This appeal, however, is from an order entered in the same case on December 17, 1979, finding unconstitutional an amendment by defendant of an ordinance which originally provided that any person seeking to

connect into a sanitary sewer was to deposit with defendant $12 per front foot of the property sought to be serviced, for the construction of storm sewers. The amendment of March 26, 1979, required the deposit on a per foot or per lot basis of a substantially greater sum of money for various surface and underground improvements than was required previously. In return for a building permit issued to a construction contractor, a sum of $22,828.58 was deposited with defendant under the amended ordinance (ordinance) by the beneficiaries of the trust of which plaintiff is trustee.

Plaintiff then filed a petition in the same case on behalf of the beneficiaries challenging the constitutionality of the ordinance. In the order appealed from, the trial court held the ordinance to be unconstitutional and required defendant to refund the deposit. In the order, the court found that the ordinance conflicted with the Local Improvement Procedures Act (Ill. Rev. Stat. 1979, ch. 24, par. 9—2—1 *et seq.*) (Local Improvements Act), and that it was an improper exercise of defendant's police power and did not contribute to the public health, safety, or morals of the community.

OPINION

We turn first to the question of defendant's express or implied statutory power to enact the challenged ordinance. Defendant initially contends that it required the deposit of a performance bond, which is expressly or impliedly authorized by State law. Plaintiff maintains, on the other hand, that the ordinance imposes a special assessment or special tax in derogation of various procedural requirements of the Local Improvements Act and as such is invalid.

The ordinance provides in relevant part:

> "It shall be unlawful for any person to connect or to cause to be connected into any sanitary sewer within the Village limits located within the area bounded by Shields Avenue, 47th Street, Deyo Avenue and Custer Avenue until funds are deposited with the Village sufficient to cover the cost of installing streets, curbs, gutters, sidewalks, stormwater sewers, sanitary sewers and water mains which have not been installed by the builder or developer, but are required by the Village to be installed at a future date." (Book of Ordinances of the Village of Brookfield, Ill.; ch. 28, art. IV, §28—41 (1979).)

In support of its position that the ordinance requires the deposit of a performance bond, defendant points out that it provides for the escrowing of funds for the future installation of certain public improvements before a builder or developer will be permitted to connect into the sewer lines of the Village, and that the financial burden is borne by the

builder or developer since the need for public improvements is attributed to his activities.

The form of bond in question here is predicated upon the performance of certain obligations undertaken by the principal obligor, and the obligation thereunder is extinguished by the obligor's performance. (12 Am. Jur. 2d *Bonds* §§1, 31 (1964); also see *United Mail Order, Warehouse & Retail Employees Union, Local 20 v. Montgomery Ward & Co.* (1956), 9 Ill. 2d 101, 137 N.E.2d 47, *cert. denied* (1957), 352 U.S. 1002, 1 L. Ed. 2d 546, 77 S. Ct. 558.) We think it clear that the ordinance created a bond requirement. In return for the right to connect into the village sewerage system, the beneficiaries of the trust were required to deposit funds in a liquidated amount as determined from a fee schedule incorporated into the ordinance and based upon the estimated cost to install the improvements. Issuance of the building permit was conditioned upon performance of the obligation to escrow funds and was in recognition of the fact that the obligation was satisfied upon payment of the liquidated sum by the beneficiaries.

We turn then to the validity of defendant's contention that the ordinance in question was authorized under section 11—12—8 of the Municipal Code, which provides in relevant part:

"The corporate authorities may provide that any person, firm or corporation seeking approval of a subdivision or resubdivision map or plat shall post a good and sufficient bond with the municipal clerk in a penal sum sufficient to cover the estimate made by the municipal engineer, or other authorized person, of expenditures, including but not limited to reasonable inspection fees to be borne by the applicant, necessary to conform to the requirements established and conditioned upon completion of said requirements in a reasonable time. The corporate authorities may, by ordinance, prescribe the form of the bond and may require surety to be approved by the corporate authorities; provided, that a municipality may permit the depositing of cash or other security acceptable to the corporate authorities, to complete the improvements required in lieu of a bond if it shall so provide by ordinance; and further provided, that no bond or security shall be required to be filed until the corporate authorities have approved the plat in all other respects and have notified the applicant of such approval." Ill. Rev. Stat. 1979, ch. 24, par. 11—12—8.

Although this precise provision has not been passed upon before, consideration of the language therein reveals a clear legislative intent to authorize a bond requirement to be imposed by municipal ordinance to defray the costs estimated by a municipal engineer as necessary to bring an applicant's proposed subdivision or resubdivision map or plat into

conformity with the official map of the municipality and to meet such other requirements that may be imposed under section 11—12—8. In lieu of such bond the corporate authorities may by ordinance permit the builder or developer to deposit funds with it sufficient to complete the required improvements. Moreover, the corporate authorities cannot require a bond until a proposed plat has been approved in all other respects and the applicant has been duly notified.

■▌ It is fundamental that a challenge to a municipal ordinance constrains the municipality to show the exercise of power to be authorized by State statute, which will be strictly construed so that doubt as to the existence of such power is resolved against the municipality. (*Osborn v. Village of River Forest* (1961), 21 Ill. 2d 246, 171 N.E.2d 579; *City of Chicago v. Chicago Great Western R.R. Co.* (1932), 348 Ill. 193, 180 N.E. 835.) We believe that defendant has not made that essential showing. The challenged ordinance fails to comply with the criteria set forth in section 11—12—8. The ordinance requires the escrowing of funds to cover the costs of installing or constructing certain public improvements which have not been installed by the builder or developer, and thus such person must deposit funds or presumably make the installations himself in return for which he is permitted to connect into the village sewerage system. The ordinance is silent with respect to conditioning approval of a plat or map of subdivision or resubdivision on payment of a bond. It implies that a building permit may be given in exchange for such bond, but such condition is not contemplated by the statute. Approval of a plat or map does not imply the automatic issuance of a building permit, and the converse is equally true.

It appears from the record that plaintiff was refused a building permit by defendant because a plat of subdivision had not been tendered for defendant's approval. Plaintiff argued that it was entitled to the permit pursuant to the trial court's rezoning order of August 11, 1978, but agreed to submit a plat which was approved by the Village Plan Commission. The plat was then forwarded to the Village Board of Trustees, but insofar as the record indicates, no further action was taken on it, and there is no indication in the record that defendant would have given it final approval.

■▌ The ordinance also is silent as to the requirement of a bond to cover the engineer's estimated costs of expenditures with respect to each proposed plat or map, as required by section 11—12—8. It simply provides for a review of the general fee schedule by the Village engineer to determine that it accurately reflects the costs of materials and labor at the time of an application for a building permit. Defendant's statutory authority is limited to permitting the builder or developer to deposit cash to complete the improvement, in lieu of a bond, to cover the engineer's

estimate of expenditures; but, contrary to defendant's contention, it cannot invoke section 11—12—8 so as to require a bond to cover installation costs unless a proposed map or plat has been approved. (See *Little Pond Hill, Inc. v. Mendel* (1973), 74 Misc. 2d 989, 347 N.Y.S.2d 86.) The method adopted by defendant to fund the costs of public improvements was not within the powers expressly granted to it by statute. See *Pioneer Trust & Savings Bank v. Village of Mount Prospect* (1961), 22 Ill. 2d 375, 176 N.E.2d 799; *Rosen v. Village of Downers Grove* (1960), 19 Ill. 2d 448, 167 N.E.2d 230.

■■ Defendant also relies on various other provisions of the Municipal Code to support its claim that the ordinance is valid under its implied statutory powers.[1] None of those provisions, however, either separately or in concert, implicitly authorizes a municipality to enact an ordinance such as the one in question. Since defendant's claim is based solely on statutory grounds, it is governed by the rule that municipal corporations derive their powers from the legislature (*Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342), and a municipality may exercise only those powers expressly granted or those necessarily implied in, or incident to, express powers (*Village of North Riverside v. Brookfield-North Riverside Water Com.* (1973), 15 Ill. App. 3d 752, 305 N.E.2d 221). An implied power must be essential or indispensable to the accomplishment of declared objects and purposes of the municipality, and not simply convenient (see *Chicago School Transit, Inc. v. City of Chicago* (1966), 35 Ill. 2d 82, 219 N.E.2d 522), or it must be reasonably necessary to effectuate a power expressly granted (see *Houston v. Village of Maywood* (1956), 11 Ill. App. 2d 433, 138 N.E.2d 37).

■■ The statutory provisions cited by defendant apply only to the enactment of general standards under their respective titles, and they do not support defendant's interpretation that the implied authority was necessarily granted to it to require the type of bond described in the ordinance for the purpose of implementing its powers as a municipality. Neither do these provisions compel a reading that it is reasonably necessary for defendant to require such a bond in order to regulate certain activities. Finally, even if the cited provisions created such implied authority, defendant fails to show from the record that the particular ordinance in question was essential, indispensable, or reasonably necessary to the implementation of its statutory authority. (See *Osborn v. Village of River Forest.*) Accordingly, we find defendant's contention of implied authority to enact the ordinance to be without merit.

---

[1] Defendant cites Ill. Rev. Stat. 1979, ch. 24, pars. 8—9—1, 11—1—1, 11—12—5, 11—20—5, 11—20—10, 11—30—2, 11—30—7, 11—30—8, 11—60—2, 11—80—2, 11—80—7, 11—80—11, 11—80—13, 11—139—2, and 11—139—8.

■■ Even if the ordinance were viewed as imposing a special assessment or special tax, the record reveals that it could not be upheld on those grounds, since none of the procedural safeguards required by the Local Improvements Act (Ill. Rev. Stat. 1979, ch. 24, par. 9—2—1 *et seq.*) was observed. In particular, the requirements of notice and an opportunity to be heard were not incorporated into the ordinance. (See Ill. Rev. Stat. 1979, ch. 24, pars. 9—2—9, 9—2—10.) If local improvements are to be made under the Local Improvements Act, all preliminary steps prescribed by the provisions of that act must be taken. (See *In re Village of Westchester* (1965), 61 Ill. App. 2d 25, 208 N.E.2d 879.) We hold, therefore, that the ordinance requiring the escrowing of funds to cover the costs of installing certain public improvements is beyond the powers conferred upon defendant by the legislature.

Having determined that the ordinance was not authorized under the express or implied statutory powers granted to defendant, we need not consider defendant's contentions that the ordinance was valid under the State or Federal constitutions. (See *Osborn v. Village of River Forest*; *Rosen v. Village of Downers Grove*.) Nonetheless, we note in this regard that defendant's reliance on *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 137 N.E.2d 371 and *Krughoff v. City of Naperville* (1976), 41 Ill. App. 3d 334, 354 N.E.2d 489, *aff'd* (1977), 68 Ill. 2d 352, 369 N.E.2d 892, is misplaced since both cases involved ordinances found to be valid on different statutory grounds as well as on constitutional grounds.

For the reasons stated, the judgment and the order of the trial court are affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.