# 138    APPELLATE COURTS OF ILLINOIS.

## M. Steinberg, Appellee, v. Samuel Schwartz, trading as Schwartz Bedding Company, Appellant.

### Gen. No. 6,817.

1. PLEADING, § 153*—*when contract must be pleaded in affidavit of defense.* A new contract claimed as a defense in an action of assumpsit which is not set up in the affidavit of defense is not an issue in the case.

2. PLEADING, § 455*—*when objection to affidavit of merits is not waived.* An objection that a new contract not set up by defendant in his affidavit of merits is not an issue in the case is not waived by the fact that plaintiff introduced on the trial evidence of such contract, where such proof was not introduced by plaintiff to sustain a recovery but merely to show that defendant admitted that the weight of the goods for the purchase price of which the action was brought was correct and to show also that defendant recognized the fact that the goods were of the character which plaintiff claimed them to be.

3. SALES, § 329*—*when evidence shows sale.* In an action of assumpsit to recover the purchase price of cotton mattresses in which defendant claimed that he purchased the cotton batting only and not the ticking, evidence of defendant, on direct examination, that he bought "these felt mattresses" from plaintiff, and of defendant's bookkeeper that defendant told him "the mattresses" were coming and showed him where to have them placed, *held* to present a question of fact for the jury and to support a finding that defendant bought mattresses.

4. SALES, § 331*—*when judgment is not erroneous.* That, in an action of assumpsit for the purchase price of mattresses, plaintiff admits that he agreed to buy back the ticking at the same price per pound, does not give defendant any right to complain because the judgment for plaintiff included a certain number of pounds of ticking, where the evidence does not show that any ticking was tendered back to plaintiff.

5. CANCELLATION OF INSTRUMENTS, § 1*—*what is extent of right of rescission.* One will not be permitted to affirm his contract in part and rescind it in part, but if he rescinds at all, must rescind *in toto.*

6. ACCORD AND SATISFACTION, § 1*—*when agreement is nudum pactum.* An agreement by a creditor whose demand is due to take a less sum in satisfaction thereof is *nudum pactum.*

---

*See Illinois Notes Digest. Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. WITNESSES, § 283*—*what cross-examination to impeach witness is proper.* In an action of assumpsit, where plaintiff, to explain his awkwardness in testifying, states that he has never been in court before, it is not error to refuse to permit defendant to show, on cross-examination, that plaintiff has had another suit and that his attorney therein withdrew from the case because plaintiff sought to have a witness lie.

8. SALES, § 330*—*when instruction as to examination of goods delivered is not erroneous.* Even though an instruction, in an action of assumpsit for the purchase price of mattresses, as to the duty of the purchaser to make within a reasonable time any objection he finds to the quality of the goods, is objectionable as failing to include the element of the purchaser's having had a reasonable time to examine the mattresses, it is immaterial where it appears that the purchaser exercised acts of ownership over the mattresses and sold a part of them before objecting.

9. SALES, § 330*—*what instruction as to right to recover for goods sold is not erroneous.* In an action of assumpsit for the purchase price of goods, it is proper to give an instruction that, "so far as defendant relies upon a breach of warranty as a defense, or by way of set-off, the burden of proof is upon the defendant as to such breach and as to any damages, if any, arising therefrom, and unless the defendant has proven such breach and damages resulting therefrom, by preponderance or greater weight of evidence, then the defendant is not entitled to any benefit therefrom."

10. SET-OFF AND RECOUPMENT, § 38*—*when burden of proof is on defendant.* The burden of proof is on the defendant to establish the existence and validity of his claim of set-off by a preponderance of the evidence.

11. INSTRUCTIONS, § 132*—*when instruction is erroneous.* An instruction ignoring evidence upon the matter to which it relates is properly refused.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 12, 1920. Rehearing denied November 11, 1920. *Certiorari* denied by Supreme Court (making opinion final).

COOKE, POPE & POPE, for appellant.

RALPH J. DADY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a suit in assumpsit which was commenced by M. Steinberg, appellee, against the appellant, Samuel Schwartz, doing business as the Schwartz Bedding Company, to recover for 31,410 pounds of cotton mattresses which appellee claims to have sold and delivered to appellant at 5¾ cents per pound, and which were not paid for. A trial by jury resulted in recovery by the appellee of the amount of his claim, for which judgment was rendered, and this appeal is prosecuted from the judgment.

The declaration consists of the common counts, and appellee filed with his declaration an affidavit of his claim, stating that his demand was for 31,410 pounds of mattresses at 5¾ cents per pound, and that there was due him the sum of $1,806.07, with interest. Appellant filed a plea of the general issue, with an affidavit of merits, stating that the appellee's cause of action was for 28,080 pounds of cotton batting at 5½ cents per pound; that no weight tickets were ever given to appellant; that the cotton came in the form of mattresses, worth not to exceed 2 cents per pound, which fact was unknown to appellant until a large portion of the mattresses had been ripped open, and, upon discovery, he tendered them back to appellee; and that the correct amount due appellee, after deducting batting on hand, incased in mattresses, and tendered back to· appellee, and after deducting ticking weighing 2,646 pounds, was the sum of $499.04; and that it cost appellant $100 to rip open the mattresses, which should also be deducted, leaving a balance due appellee of $399.04.

One of the grounds urged for reversal of this case is that the verdict and judgment disregarded a new contract subsequently made by the parties. But the alleged new contract was not set up by appellant, in his affidavit of defense, which limits the issues for

trial, and was therefore not an issue in the case. This court so held in *Reddig v. Looney,* 208 Ill. App. 418. In that case it is said: "That when the nature of the defense was required to be stated in an affidavit, all the defense the party had should be so stated, and that he would not be permitted to give in evidence any matter of defense not so stated in the affidavit. If a defendant might at the trial give in evidence substantial matters of defense not stated in his affidavit of merits, the requirement that he should set forth the nature of his defense would be of no avail and would operate as a snare to the plaintiff." Counsel for appellant in their reply brief concede that this is the law, but contend that the evidence of the new contract was first introduced by appellee, and, therefore, any objection to it was waived, because not specifically raised in the court below. But it appears that this proof was not introduced by appellee for the purpose of sustaining a recovery, but merely to show that the weights were conceded by appellant to be correct, since appellant's bookkeeper made out and delivered a memorandum of a new agreement to appellee, which showed 31,410 pounds of mattresses, thereby recognizing correctness of the weights; also recognizing the fact that mattresses were bought by the appellant and not merely cotton batting.

On the point contended for by appellant, that he purchased cotton batting only, and not the ticking, it should also be noted that appellant testified, on direct examination, "I bought these felt mattresses for him." And appellant's bookkeeper testified, that "he (appellant) told me that the mattresses were coming that day and he showed me where to have them placed." This, therefore, fairly presented a question of fact for the jury, and they were warranted in finding that appellant bought mattresses. Appellee admitted that he had agreed to buy back the ticking at the same rate per pound, but the evidence does not show that any

ticking was tendered back to him, hence appellant is not in position to complain because the judgment in-cluded a certain number of pounds of ticking. Appellant admitted that he was to pay 5¾ cents per pound, but having become dissatisfied with some of the mattresses, tried to get out of paying for them. Appellant testified on this point: "I can't say how much we have used when I offered to pay him up for what we had used, and turn the rest back." He made no attempt to rescind the whole contract and he could not rescind as to a part only. The rule of law is well settled that a party will not be permitted to affirm a contract in part and rescind as to the residue. If he rescinds at all he must do so *in toto*. *Wolf v. Dietzsch,* 75 Ill. 210; *Harzfeld v. Converse,* 105 Ill. 534; *Bollnow v. Novacek,* 184 Ill. 465.

After appellee had repeatedly called on appellant for his pay, and had not received it, he offered to set-tle at 4¾ cents per pound upon appellant's promise to pay cash the next day. No cash was paid by appellant the next day, nor at any time. There was no consideration for this new promise, and the law is that an agreement by a creditor to take a less sum, in satisfaction of his demand, than is due, is a mere *nudum pactum* and void. *Hart v. Strong,* 183 Ill. 355.

It is also contended that the court erred in sustaining objections to some interrogatories at the cross-examination of appellee. Appellee having testified that he had never been in court before, as an explanation of his awkwardness in testifying, appellant sought, upon cross-examination, to prove that he had a suit in court before, and that his attorney withdrew from the case because he (appellee) was trying to have a witness tell a lie. The court refused to permit cross-examination concerning this matter. We are of opinion that the objections to the cross-examination were properly sustained. *Benedict v. Dakin,* 243 Ill. 385.

Appellant contends that there was error in the giv-

ing of the following instructions for appellee:

"1.   The court instructs the jury that where a vendee has a right to object that goods delivered are different in quality from those he purchased, he must do so within a reasonable time, and before exercising acts of ownership over them. If, before objecting to their quality, he exercises any act of ownership over them, he cannot afterwards repudiate the contract so as to wholly defeat the vendor's claim for the price.

"2.   The court instructs the jury that, so far as the defendant relies upon a breach of warranty as a defense, or by way of set-off, the burden of proof is upon the defendant as to such breach and as to any damages, if any, arising therefrom, and unless the defendant had proven such breach and damages resulting therefrom, by preponderance or greater weight of the evidence, then the defendant is not entitled to any benefit therefrom in this suit."

The first instruction was based upon the rule laid down in the case of *Wolf v. Dietzsch,* 75 Ill. 205. Apparently the instruction is incorrect as a statement of the law concerning the matters involved, in that it does not include the element of appellant's having had a reasonable time to examine the mattresses; but inasmuch as appellant had exercised acts of ownership over them, and had sold a part of the mattresses, this deficiency in the instruction cannot be regarded as material.

We think the second instruction correctly stated the law as to the burden of proof. The rule is well settled that the burden of proof is upon the defendant to establish the existence and validity of his claim of set-off by a preponderance of the evidence. *Mazzarella v. Kamberos,* 184 Ill. App. 62; *Burt v. Garden City Sand Co.,* 237 Ill. 473.

Error is also assigned by appellant upon the refusal of the court to give instructions No. 2 and No. 3 for appellant. We are of opinion that each of the instruc-

tions requested were properly refused. Instruction No. 2 ignored the proof that the bed ticking had never been tendered back and that the appellee had agreed to buy it back, at the same price per pound, but had never received it, and that it had been retained by appellant. It was conceded by counsel for appellant, upon oral argument, that instruction No. 3 had been properly refused.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*