McGRATH HEATING & AIR CONDITIONING COMPANY, Plaintiff and Counterdefendant-Appellee, *v.* ALLAN GUSTAFSON, Defendant and Counterplaintiff-Appellant.—(ALLAN GUSTAFSON, Third-Party Plaintiff-Appellant, *v.* VINCENT McGRATH, Third-Party Defendant-Appellee.)

First District (3rd Division)   No. 61166

Opinion filed May 6, 1976.

Greenbaum & Browne, Ltd., of Chicago (Ernest D. Simon, of counsel), for appellant.

Barnard and Glassman, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, McGrath Heating & Air Conditioning Company, Inc., brought this action against Allan Gustafson, defendant, to recover for services and materials sold to defendant. Defendant filed an affirmative defense to the complaint, and a counterclaim to recover the cost of repairing the improperly completed work performed by plaintiff. Gustafson also brought a third-party complaint against Vincent McGrath, his partner, for contribution. After a bench trial, the circuit court of Cook County entered judgment against Gustafson for $24,095.03, and dismissed the counterclaim and third-party complaint. Gustafson appeals, raising three questions for our consideration: (1) whether an answer to a counterclaim and reply to affirmative defenses may be filed for the first time during final argument; (2) whether the court properly dismissed the third-party complaint; and (3) whether the trial court's judgment was supported by the evidence and pleadings.

We affirm.

The record reveals the following. Allan Gustafson was in the business of constructing apartment buildings at various sites in the Chicago area. McGrath Heating & Air Conditioning Company, an Illinois corporation, was employed to do work in certain of Gustafson's buildings under construction. McGrath Heating's amended complaint alleged that Gustafson did not pay for the work done by McGrath Heating, and that there was an agreement by Gustafson to pay McGrath Heating's usual and customary prices for the work completed. Gustafson's answer denied that the agreement was for the customary prices because the agreement was for set sums. The answer contained an affirmative defense, which will be described fully, later in this opinion. Gustafson's counterclaim alleged that McGrath Heating performed its work so defectively that Gustafson had to spend $10,000 to repair the defective work. Furthermore, the second count of the counterclaim alleged that McGrath Heating overcharged Gustafson as to bills already paid. In his third-party complaint, Gustafson alleged that he and Vincent McGrath were partners in the building business, and that if Gustafson is liable to McGrath Heating, a corporation, for work done for the partnership, Vincent McGrath, an individual, should be required to contribute his share of the partnership's obligation.

Gustafson argues on appeal that the trial court erred in allowing plaintiff to file a reply to the affirmative defense and an answer to the counterclaim during the final arguments in the case, after the close of all evidence. Plaintiff's position is that such matters are within the sound discretion of the trial judge, and that discretion was not abused in this case because the tardiness of the filings was inadvertent, no new matters were raised in the late pleadings, and that there was no prejudice to Gustafson

because evidence was introduced on the matters. Gustafson's brief in this court alleges that the late filings worked to his severe detriment, but does not elaborate and show he was prejudiced.

■■ ■ The trial court has discretion to permit the filings of tardy pleadings. (Illinois Supreme Court Rule 183.) In *Greenlee Bros. & Co. v. Rockford Chair & Furniture Co.* (1969), 107 Ill. App. 2d 326, 333, the court quoted the above statement of law and then wrote:

> "We also note that the parties proceeded with discovery and that plaintiff made no motion to require an answer. While the defendant should have filed his answer in apt time, it does not appear that the plaintiff was prejudiced by the failure to do so."

In the case at bar, defendant, counterplaintiff Gustafson proceeded to trial without either an answer to his counterclaim or reply to his affirmative defense, and presented evidence on the factual matters raised therein. No motions were made to require McGrath Heating's pleadings, or for default judgments. Gustafson does not show how he was prejudiced by the late filings, which raised no new matters. In the absence of any demonstrable prejudice to Gustafson, we hold that the trial court did not err in allowing the late filings of the answer to counterclaim and the reply to the affirmative defense.

Gustafson next argues on appeal that the trial court improperly dismissed his third-party complaint against Vincent McGrath. As stated above, the third-party complaint alleged that Vincent McGrath was Gustafson's partner, and that if Gustafson is found liable to McGrath Heating, Vincent McGrath should be required to contribute his share of the obligation to Gustafson. Vincent McGrath's answer was that the Gustafson-McGrath partnership was terminated by a prior agreement and under the agreement, Gustafson agreed to hold Vincent McGrath harmless from the types of claims presented in the complaint. Gustafson's reply to the answer was that he brought the dissolution agreement into the chancery division of the circuit court of Cook County in the case of *Gustafson v. McGrath*, an action for the specific performance of the dissolution agreement. In that matter, the trial court found that Vincent McGrath refused to perform under the contract so that Gustafson's performance was excused. The court entered an order in that case dealing with the real estate and money aspects of the partnership, but did not enter an order dealing expressly with the indemnification and hold harmless provisions. In our case, Gustafson argues that the issue of his obligations in the dissolution agreement was decided in the chancery action, where the court stated that Gustafson was excused from performing under the agreement. Gustafson reasons that he is excused from performance of the hold harmless provisions of the agreement, and that McGrath is still his partner.

■■ As we view the issue, it is reasonably clear that both parties have failed to recognize what our Supreme Court has termed "the most fundamental doctrine of the law of merger." In *Doerr v. Schmitt* (1941), 375 Ill. 470, the court discussed the doctrine and quoted from the early case of *Wayman v. Cochrane*, 35 Ill. 152:

" 'The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court it loses all of its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. * * *' " (375 Ill. 470, 472.)

This rule has never been abandoned by the courts of this State.

■■ Applying the doctrine of merger to the case at bar, the dissolution agreement and its indemnification clause merged into the trial court's order, and was no longer of any legal effect. The order in chancery dissolved the partnership and allocated the partnership's resources and liabilities in accordance with the agreement. Since there was no longer a partnership to sue upon, or an indemnification clause to enforce, the resolution of the third-party complaint must be that it was properly dismissed by the trial court.

Gustafson's final argument on appeal is that the judgment is not supported by the pleadings and the evidence. At issue is the disposition of Gustafson's affirmative defense to McGrath Heating's complaint. In the affirmative defense, Gustafson alleged that he paid money on behalf of McGrath Heating and that he wanted a credit, or set-off, for making the payments. The facts show that McGrath Heating borrowed a sum of money from a bank, and as collateral for the loan, pledged the money it was to receive from Gustafson for doing work. When McGrath Heating completed the work, Gustafson was to pay the bank and retire the obligation, which he did. There was a sharp dispute as to who was to be responsible for the interest paid on the note. Gustafson testified that Vincent McGrath, the sole shareholder of McGrath Heating, agreed that when Gustafson paid off the note, the amount of the note plus interest would be credited to Gustafson's account with McGrath Heating. Vincent McGrath testified that the loan was a vehicle by which Gustafson could arrange financing for his construction project without mortgage financing, and that Gustafson agreed to be liable for the interest on the note since the loan was for his benefit. The trial court held that Gustafson could not claim a credit for the interest paid. On appeal, Gustafson argues that there is nothing in the record to support the court's finding.

■■ As we view the evidence presented in this case, there was a question of fact as to who was to be ultimately responsible for the

payment of interest on the note. The court's order indicated that it had considered the matter in McGrath's favor. There is sufficient evidence to support the trial court's ruling that Gustafson is not entitled to a credit for interest paid, and we find no error in this regard.

For the abovementioned reasons, the judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

LORENZ and DEMPSEY, JJ., concur.