McCLURE ENGINEERING ASSOCIATES, INC., Plaintiff-Appellant, *v.* ROBERT D. WINTER, d/b/a Winter's Heating and Roofing Company, Defendant-Appellee.

Third District   No. 79-1002

Opinion filed May 21, 1980.

Thomas A. Blade, of Moline, for appellant.

Joseph R. Rosborough, of Moline, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff-appellant, McClure Engineering Associates, Inc. (hereafter referred to as plaintiff), sued the defendant-appellee, Robert D. Winter, d/b/a Winter's Heating and Roofing Company (hereafter referred to as defendant), to recover for professional engineering and soil testing services performed on the defendant's property. The defendant answered, alleging that the plaintiff's work was only partially completed and that the written estimate for the cost of the work was less than half of the amount demanded by the plaintiff. In addition, the defendant filed a counterclaim against the plaintiff, seeking $5500 in damages arising from faulty work by the plaintiff. The plaintiff failed to file a reply to the affirmative matters raised in the defendant's answer or to answer the defendant's counterclaim.

At the bench trial, the plaintiff presented its evidence and rested its case while the defendant presented no evidence but rested its case on the status of the pleadings, and the effect of section 40 of the Civil Practice Act thereon, and then moved for judgment in its favor on both the plaintiff's complaint and its counterclaim. Section 40 of the Civil Practice Act states, in part, that "every allegation, except allegations of damages, not explicitly denied is admitted." (Ill. Rev. Stat. 1977, ch. 110, par. 40.) The plaintiff moved for leave to file responsive pleadings. The trial judge granted both parties leave to prepare briefs in support of their motions.

Upon consideration of the arguments made in the briefs, the trial judge entered an order denying the plaintiff's motion and ruling in favor of the defendant as to both the plaintiff's complaint and the defendant's counterclaim for the sum of $2000 and costs. The plaintiff appeals from this order.

Two issues are before this court: whether the trial judge erred in refusing to grant plaintiff leave to file responsive pleadings to the defendant's answer and counterclaim and whether the affirmative allegations contained in the defendant's answer and counterclaim were admitted, thus serving as uncontroverted evidence on behalf of the defendant, and rendering the order entered a final judgment on the merits. We find no error and affirm the order as entered.

■■ The plaintiff mistakenly characterizes the order entered by the trial judge as a default judgment and, from that premise, urges that the trial court had discretion to allow the plaintiff to file responsive pleadings. According to section 50 of the Civil Practice Act:

> "(4) Judgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." (Ill. Rev. Stat. 1977, ch. 110, par. 50.)

In the instant case judgment was not entered until after the plaintiff had presented evidence and rested and the defendant had rested his case on the state of the pleadings. Thus, the judgment entered by the trial judge cannot be considered a default judgment, and the cases cited by the plaintiff in support of that proposition are inapposite.

The present case more properly centers on a reasonable interpretation of the applicable provisions of the Civil Practice Act and the Supreme Court Rules. Section 38 of the Civil Practice Act states, in part, as follows:

> "(2) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim * * *
> (3) * * *
> (4) An answer to a counterclaim and pleadings subsequent thereto shall be filed as in the case of a complaint and with like designation and effect." (Ill. Rev. Stat. 1977, ch. 110, par. 38.)

From this portion of the statute it is clear that an answer to the counterclaim filed by the defendant was required. The time period for filing the answer is within 30 days after the service of summons. (Ill. Rev. Stat. 1977, ch. 110A, par. 181.) Replies to answers are not required. However, if they are submitted they must be filed within 21 days after the last day allowed for filing the answer. (Ill. Rev. Stat. 1977, ch. 110A, par. 182(a).) Obviously none of these time constraints was followed by the plaintiff in the present case.

■■ Supreme Court Rule 183 provides that for good cause shown the court "may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." (Ill. Rev. Stat. 1977, ch. 110A, par. 183.) It is this paragraph which most concerns us here. The language of the statute clearly grants to the trial judge the discretionary power to allow late pleadings. In the present case that power was exercised to deny the plaintiff's motion to file responsive pleadings. We find no abuse of discretion in that decision.

Inadvertence, mistake or absence of prejudice to the plaintiff have been held not to constitute good cause for granting additional time for doing any act under Supreme Court Rule 183. *Greene v. City of Chicago* (1977), 48 Ill. App. 3d 502, 363 N.E.2d 378.

In *McGrath Heating & Air Conditioning Co. v. Gustafson* (1976), 38 Ill. App. 3d 465, 348 N.E.2d 223, the parties went to trial on the plaintiff's complaint and the defendant's answer with affirmative defenses and without an answer by the plaintiff to the defendant's counterclaim. At trial, the defendant proceeded to present evidence on the factual matters raised in his reply and counterclaim. By so doing the defendant was held to have waived any lack of response thereto, and the plaintiff was permitted to file a reply to the affirmative defense and answer to the counterclaim during final arguments. The present case differs from *McGrath* in that the defendant in *McGrath* presented evidence while the defendant in the present case relied upon the pleadings and the effect of section 40 of the Civil Practice Act upon those pleadings as his evidentiary statement. By so doing he precluded the plaintiff from then filing any pleadings which would raise new matters.

■■ The plaintiff contends that under the provisions of section 46 of the Civil Practice Act he should be allowed to file responsive pleadings. This contention is without merit. Section 46 deals with amendments to existing pleadings. In the case at bar, plaintiff has filed no responsive pleadings which are subject to amendment.

The plaintiff's failure to respond to the defendant's answer or counterclaim resulted in an admission of the allegations contained therein, with the exception of the allegations pertaining to damages, pursuant to section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 40(2)):

"(2) Every allegation, except allegations of damages, not explicitly denied is admitted * * *."

■■■ Although the plaintiff's failure to respond results in an admission that the new matter alleged in the defendant's answer and counterclaim is true, it does not amount to an admission that such new matter constitutes a valid legal defense or cause of action. (*First Federal Savings & Loan*

*Association v. American National Bank & Trust Co.* (1968), 100 Ill. App. 2d 460, 241 N.E.2d 615.) However, the trial judge in the instant case found the admissions persuasive, and we will not disturb his judgment on appeal unless the record shows that it is against the manifest weight of the evidence. (*McGann v. Murry* (1979), 75 Ill. App. 3d 697, 393 N.E.2d 1339.) We find no grounds upon which to challenge the trial judge's decision in this case. Furthermore, the record reveals the basis upon which the damages in the amount of $2000 were determined, and we are satisfied that all portions of the order issued by the trial court were proper.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.