(No. 77-CC-1193—■■■■■■■)

Louis R. Andrews, Claimant, *v.* The State of Illinois, Respondent.

*Order filed May 11, 1983.*

Harold Pope, for Claimant.

Neil F. Hartigan, Attorney General (Francis M. Donovan, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This cause coming to be heard on the Respondent's motion for summary judgment, due notice having been given and this Court being fully advised in the premises finds as follows:

This claim arose out of an automobile accident which occurred on July 17, 1976, at 5759 South Michigan Avenue in the city of Chicago. The claimant alleges various acts of negligence against the State regarding the general maintenance of the highway and specifically that the State was engaged in some manner of construction and/or repair of the highway at said location. The accident allegedly occurred when Claimant struck a pile of sand which had been left in the roadway.

The Respondent answered the complaint denying maintenance responsibility and that it had been engaged in any manner of construction and/or repair of South Michigan Avenue at the accident scene.

The Respondent further pleaded affirmatively that a maintenance agreement existed between the State and the city of Chicago on the date of the accident which covered the area of the accident. The State also pleaded that no permits for any type of work on South Michigan Avenue had been issued by the Department of Transportation before or on the date of the accident.

No response to the affirmative matters raised in Respondent's answer was made by Claimant. Therefore, these matters now stand admitted for purposes of the motion before the Court. *McClure Engineering Associates v. Winter* (1980), 84 Ill.App.3d 231, 405 N.E.2d 28.

In order to recover in cases of this nature, the Claimant has the burden of proving by a preponderance of the evidence that the Respondent had actual or constructive knowledge of the defect which is alleged to have caused the accident. *Lind v. State* (1977), 31 Ill.Ct.Cl. 322, 325.

The defect complained of here was a pile of sand on South Michigan Avenue. In its answer and in the motion for summary judgment which is supported by affidavit, the State has denied any knowledge of either the pile of sand or any construction or repair work which might have involved the use of sand.

More importantly, the State had contracted with the city of Chicago to maintain South Michigan Avenue at the accident location. This practice is one with which this Court is familiar. Given the responsibilities of the State to maintain its roadways, it is not uncommon that municipalities are looked to to perform this service on the State's behalf. These agreements, like the one involved herein, are supported by valuable consideration. That is, in return for using its manpower and its equipment to maintain a roadway which would otherwise be the State's responsibility, the municipality is paid certain monies based on the amount of roadway covered by the agreement.

If, as alleged by Claimant, a pile of sand was left unmarked on South Michigan Avenue, it follows that the city of Chicago under its agreement with the State was in the better position and, indeed had the duty to post warnings, remove the sand or otherwise act in a reasonable manner.

That State does not control the city of Chicago. In entering into maintenance agreements, the State relies on the city to control and supervise its employees in the maintenance of highways under said agreements. The State cannot be held liable for acts of persons not in any way under its control. *Allen v. State* (1981), 34 Ill.Ct.Cl. 291.

It is hereby ordered that Respondent's motion be, and the same hereby is, granted. Judgment is entered for Respondent. This claim is dismissed with prejudice.