MICHAEL RUSH, Plaintiff-Appellee, v. LEADER INDUSTRIES, INCOR-PORATED, Defendant-Appellant.

First District (5th Division)   No. 87—1752

Opinion filed November 14, 1988.

Daniel W. Granquist, of Valparaiso, Indiana, for appellant.

Richard M. Janci, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, Leader Industries, Incorporated, appeals from the de-

nial of its motion to modify a trial judgment to award damages on its counterclaim arising out of plaintiff's action to recover earned sales commissions. Defendant also appeals the grant of sanctions for noncompliance with discovery.

We affirm.

On April 7, 1986, plaintiff, Michael Rush, filed a verified complaint against defendant alleging that defendant failed to pay full sales commissions pursuant to a written agreement between the parties in which plaintiff agreed to procure clients to enter waste transportation contracts with defendant.

Together with an answer denying the material allegations of the complaint, defendant filed a three-count counterclaim. Relevant here, count I of the counterclaim alleged that, although the sales commission agreement provided that plaintiff was to pay the expenses of his efforts to procure clients, plaintiff used defendant's facilities, equipment, personnel, and supplies without reimbursement to defendant. Defendant prayed for $3,000 in damages.

Although plaintiff unsuccessfully moved to dismiss the counterclaim, plaintiff did not otherwise answer defendant's allegations.

On May 15, 1986, plaintiff filed a notice upon defendant to produce certain invoices pursuant to Supreme Court Rule 214 (107 Ill. 2d R. 214). By letter dated July 15, 1986, plaintiff again requested that defendant produce various of those invoices which had not been produced in defendant's response to the production request. Another request for those invoices was made in a second letter dated July 28, 1986. Notwithstanding defendant's submission of an affidavit of compliance with plaintiff's discovery request, plaintiff, in a third letter, dated September 25, 1986, made further demand on defendant to produce the missing invoices.

On December 29, 1986, plaintiff filed a supplemental notice to produce certain of defendant's tax returns, financial statements, and receipts of payments dating from 1982. Subsequently, by letter dated January 21, 1987, plaintiff advised defendant that plaintiff still had not received certain of the requested invoices or defendant's response to both plaintiff's request to admit and to plaintiff's supplemental notice to produce.

On February 18, 1987, the matter having come before the court on the trial call, an order was entered which recited that plaintiff had viewed the various documents produced by defendant.

The cause proceeded to bench trial on February 23, 1986. At the completion of plaintiff's case in chief, defendant rested without putting on any evidence in support of its action on the counterclaim.

Judgment for plaintiff in the amount of $2,916, plus costs, was rendered on the evidence presented and the allegations of the pleadings. A judgment was also rendered for defendant on defendant's counterclaim on the basis that plaintiff's failure to answer constituted admissions. However, the court awarded no damages to defendant, finding that defendant had put forth no evidence to support allegations of damages in the counterclaim.

Subsequently, plaintiff moved for modification of the judgment based on evidence purportedly indicating a higher applicable commission rate than that used by the court in determining plaintiff's damages. In addition, plaintiff moved for sanctions against defendant for noncompliance with discovery.

Defendant also moved for modification, seeking an award of damages on its counterclaim against plaintiff. After hearing argument on May 5, 1987, the trial judge denied both parties' motions for modification but granted plaintiff's motion for sanctions, imposing $1,000 in costs for time attributable to plaintiff's efforts resulting from defendant's noncompliance in producing the requested invoices. This appeal followed.

Opinion

On appeal, defendant first contends that plaintiff's failure to answer defendant's counterclaim resulted in plaintiff's admission of the allegations contained therein and therefore did not necessitate that defendant present any evidence to support its claim for damages.

■ Generally, a defendant's counterclaim against a plaintiff constitutes an entirely independent and separate cause of action which must be complete within itself. (*Helle v. Brush* (1971), 2 Ill. App. 3d 951, 275 N.E.2d 688, *rev'd on other grounds* (1973), 53 Ill. 2d 405, 292 N.E.2d 372.) Accordingly, the pleading of a counterclaim and response thereto are governed under the Code of Civil Procedure by the same considerations applicable to complaints. (See Ill. Rev. Stat. 1985, ch. 110, pars. 2—608, 2—610.) Pertinent here, subsection (b) of section 2—610 provides that all allegations made in the counterclaim, except allegations of damages, not explicitly denied, constitute admissions against the defending plaintiff. (Ill. Rev. Stat. 1985, ch. 110, par. 2—610(b); *McClure Engineering Associates, Inc. v. Winter* (1980), 84 Ill. App. 3d 231, 405 N.E.2d 28.) Because the burden of proof rests with the defendant bringing the counterclaim to establish all elements of a separate cause of action (*Steinberg v. Schwartz* (1920), 219 Ill. App. 138), it is axiomatic that, as in any other suit, damages are not recoverable without some evidence as to amount. See *Cannell v. State*

*Farm Fire & Casualty Co.* (1975), 25 Ill. App. 3d 907, 323 N.E.2d 418.

Defendant here, however, argues that by presenting evidence of damages at trial, defendant would have waived the opportunity to rely on the constituted admissions of plaintiff under operation of section 2—610(b). As support for that proposition, defendant cites *McGrath Heating & Air Conditioning Co. v. Gustafson* (1976), 38 Ill. App. 3d 465, 348 N.E.2d 223.

*McGrath* simply does not stand for the proposition asserted by defendant. *McGrath* involved an action by plaintiff, subcontractor, against defendant, builder, for payment of work completed. Defendant answered, asserting affirmative defenses, and counterclaimed, alleging defective construction and overcharge by plaintiff. On appeal, the issue with respect to the counterclaim was whether the trial court properly permitted plaintiff to file a response during final argument at trial after the close of all evidence. The appellate court held that the late filing was permissible because no new matter was raised therein nor was defendant otherwise prejudiced. *McGrath,* 38 Ill. App. 3d at 467, 348 N.E.2d at 225.

■ We find nothing in *McGrath* to suggest a rule that a defendant waives the opportunity to use constituted admissions against a plaintiff where the defendant presents evidence of damages on a counterclaim. Nor does our own research indicate such a rule exists. Indeed, because section 2—610(b) explicitly excepts allegations of damages from those matters admitted when not expressly denied, and in view that a counterclaim must be a complete cause of action itself, such a contention is absurd.

Defendant also urges us to follow *McClure Engineering Associates, Inc. v. Winter* (1980), 84 Ill. App. 3d 231, 405 N.E.2d 28, a case which defendant asserts is on point and controls the matter before us. In *McClure,* plaintiff sued defendant to recover payment for engineering services performed. Defendant answered, asserting affirmative matter in defense, and filed a counterclaim for faulty work. Plaintiff failed to respond to either the affirmative matter or to the counterclaim. At trial, at close of plaintiff's presentation of evidence in support of its case in chief, defendant rested without putting on any evidence and moved for judgment on both the plaintiff's complaint and the counterclaim. The trial judge denied plaintiff's subsequent motions to file responsive pleadings and ruled in defendant's favor on both plaintiff's complaint and defendant's counterclaim, awarding damages to defendant on the counterclaim. The appellate court held that that finding was not improper, concluding that plaintiff's failure to respond

resulted in admission of the allegations, except those of damages, pursuant to section 40(2) of the Civil Practice Act (now section 2—610(b) of the Code of Civil Procedure). Most significantly, the court stated that the record revealed the basis upon which the trial judge determined damages. *McClure,* 84 Ill. App. 3d at 235, 405 N.E.2d at 31.

■ Defendant's reliance on *McClure* is misplaced. In the instant case, defendant has failed to indicate any basis for determining damages from the evidence presented and we fail to otherwise find in the record that such basis for awarding damages to defendant exists. We therefore conclude that the trial judge's decision awarding defendant no damages on the counterclaim was not improper.

Defendant also contends that the award of sanctions to plaintiff for defendant's noncompliance with discovery to produce certain invoices was an abuse of discretion and that, alternatively, the determination of the amount of $1,000 was unreasonable.

■ The trial court has broad discretion to impose reasonable sanctions against a dilatory party, and a court of review will not interfere with the action taken by the trial court unless there has been a clear abuse of discretion. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) And, although the court must refrain from imposing sanctions intended primarily as punishment, restitution of reasonable attorney fees occasioned because of a party's delay is a reasonable discovery sanction. *Savitch,* 25 Ill. App. 3d at 867-68, 323 N.E.2d 438.

Defendant here argues that the award of sanctions was improper because plaintiff's request for production of the subject invoices was unnecessary and, moreover, there was substantial justification for nonproduction. Defendant also argues that plaintiff failed to follow Supreme Court Rules 201, requiring that every discovery motion contain a statement of reasonable attempt to resolve differences, and 219, regarding prior motions to compel. (107 Ill. 2d Rules 201, 219.) Finally, defendant asserts that the amount of the sanction was arbitrarily selected.

■ We find no merit in the above contentions. First, we are unpersuaded that a basis exists to disturb the imposition of sanctions below on defendant's bare assertions that the invoices were unnecessary to plaintiff's case. Further, the record does not indicate substantial justification existed for defendant's noncompliance. Finally, the record indicates plaintiff filed no motion to compel discovery before seeking sanctions, and, in view that none is required as a prerequisite to the imposition of sanctions by the court (*Hawkins v. Wiggins* (1980), 92 Ill. App. 3d 278, 415 N.E.2d 1179), defendant's arguments respecting

Supreme Court Rules 201 and 219, inasmuch as those arguments concern discovery motions, provide no basis upon which to disturb the imposition of sanctions.

■ We are also satisfied that the award of $1,000 in costs for plaintiff's counsel's efforts to produce the subject documents is supported by the record. After considering the time and effort occasioned to plaintiff's counsel through defendant's delay in producing the requested documents, the trial court estimated a total of 10 hours of effort at $100 per hour, reducing plaintiff's request by five hours. Although an estimation, we cannot say, after reviewing plaintiff's correspondence, that the amount was entirely unrelated to the costs occasioned by defendant's noncompliance.

For the reasons above, we therefore affirm the ruling of the circuit court.

Affirmed.

PINCHAM and MURRAY, JJ., concur.