2022 IL App (2d) 210560-U
No. 2-21-0560
Order filed August 10, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| ANTHY TRAN, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-CH-313 |
| | ) | |
| WELLS FARGO CLEARING SERVICES, | ) | |
| LLC and TAM TRAN, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Kevin T. Busch, |
| (Tam Tran, Defendant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

## ORDER

¶ 1    *Held*: Defendant's brief on appeal violates supreme court rules to such an extent that we could dismiss the appeal or summarily affirm the judgment. Nonetheless, we address the merits and hold that judgment for plaintiff on the pleadings was an appropriate sanction for defendant's numerous violations of procedural rules.

¶ 2    Defendant, Tam Tran, appeals a judgment in favor of plaintiff, Anthy Tran, on her complaint to establish her right to the assets of an individual retirement account (IRA) held by her deceased father, Huy Tran. Defendant is Huy Tran's sister. Defendant contends that the trial court

abused its discretion in entering judgment on the pleadings (735 ILCS 5/2-615(b) (West 2020)) based on defendant's violations of various orders and procedural rules. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     We turn to the facts of record. We note that, although there were numerous hearings, the record contains no transcripts, bystander's reports, or agreed statements of facts for any hearing. See Ill. S. Ct. R. 323(a) (eff. July 1, 2017).

¶ 5     On September 2, 2020, plaintiff filed a two-count complaint for declaratory and injunctive relief against defendant and Wells Fargo Clearing Services, LLC (Wells Fargo). Count I alleged the following facts. Huy Tran died on June 3, 2020. Before his death, he held an IRA with Wells Fargo. On January 29, 2020, he executed a valid change of beneficiary form designating plaintiff as the primary beneficiary of the IRA. Wells Fargo refused to honor the change of beneficiary. Defendant was seeking the distribution of the IRA to her and claimed that right as its beneficiary. Count I of the complaint sought a declaration that plaintiff was the beneficiary of the IRA and an order that Wells Fargo distribute the proceeds to her.

¶ 6     Count II realleged the preceding facts and alleged the following additional facts. On July 17, 2020, plaintiff's counsel wrote Wells Fargo requesting that it refrain from distributing funds from the IRA without an appropriate court order. On July 30, 2020, Wells Fargo told plaintiff that she had until September 28, 2020, to provide it with a court order either directing payment of the funds to her or enjoining the distribution of the IRA. Were Wells Fargo to distribute the IRA to anyone other than plaintiff, she would suffer irreparable injury. Count II asked the court to temporarily restrain and preliminarily enjoin the distribution of the IRA to anyone other than plaintiff.

¶ 7    Defendant resided in Memphis, Tennessee. On September 3, 2020, plaintiff e-filed a motion for a temporary or preliminary injunction and served notice on defendant and Wells Fargo. On September 18, 2020, the trial court temporarily restrained Wells Fargo from distributing the IRA funds to anyone other than plaintiff and continued the cause to September 28, 2020, for a hearing on her request for a preliminary injunction.

¶ 8    On September 28, 2020, plaintiff's attorney appeared but neither defendant nor Wells Fargo appeared. The court continued the cause to November 5, 2020, and gave Wells Fargo and defendant until October 26, 2020, to file answers or responsive pleadings to plaintiff's complaint.

¶ 9    On October 29, 2020, plaintiff moved for a default judgment against Wells Fargo and defendant, based on their failure to file an answer or responsive pleading. On November 5, 2020, plaintiff's counsel, Julie Cibulskis, and defendant's counsel, Colin Nguyen, appeared for the hearing. Wells Fargo did not appear. The court entered a default judgment against Wells Fargo but, over plaintiff's objection, gave defendant 21 days in which to answer or plead. On November 30, 2020, the court gave defendant another 14 days in which to plead or answer.

¶ 10   On December 7, 2020, defendant filed her answer. She admitted certain allegations of the complaint and refused to admit or deny others, of which she claimed to have no knowledge. An exception was that she denied outright the allegation that, on January 29, 2020, Huy Tran executed a change of beneficiary form.

¶ 11   On January 6, 2021, the trial court ordered each party to propound written discovery in 14 days and to reply by February 22, 2021. On March 4, 2021, the court ordered defendant to answer written discovery requests within 14 days. On April 14, 2021, at a status hearing, the court continued the cause to May 18, 2021. On that same day, plaintiff filed a motion for sanctions against defendant per Illinois Supreme Court Rule 219(c) (eff. July 1, 2002).

¶ 12    The motion alleged as follows. Defendant failed to file an answer or responsive pleading by the court-imposed deadline of October 26, 2020, and again failed to do so after the deadline was extended to November 26, 2020. Defendant had not propounded any discovery requests to plaintiff. On January 29, 2021, plaintiff propounded interrogatories and a notice to produce (see Ill. S. Ct. R. 214 (eff. July 1, 2018)). On February 3, 2021, Cibulskis wrote Nguyen requesting compliance with written discovery requests by March 3, 2021 (see Ill. S. Ct. R. 213(k) (eff. Jan. 1, 2018)). On March 3, 2021, defendant failed to appear for the remote hearing. Cibulskis told the court that written discovery had not been completed. The court ordered that written discovery requests be answered by March 17, 2021.

¶ 13    The motion alleged further as follows. On March 30, 2021, Cibulskis wrote again to Nguyen, per Illinois Supreme Court Rule 201(k) (eff. July 1, 2014), requesting that defendant submit outstanding answers to written discovery requests by April 6, 2021. The only response that she received was a short e-mail on March 30, 2021, in which Nguyen stated that he had been "slammed with many issues and obligations" and would try to submit the requested discovery as soon as he could.

¶ 14    Plaintiff's motion for sanctions contended that defendant's refusal to timely answer the complaint and respond to written discovery requests had caused a delay of six months in the case. Plaintiff asked the court to strike defendant's pleadings relating to liability and enter a default judgment for plaintiff, plus attorney fees. The motion attached plaintiff's written discovery requests and the pertinent correspondence between Cibulskis and Nguyen.

¶ 15    On May 6, 2021, plaintiff filed a supplement to her motion for sanctions. It alleged as follows: (1) on April 21, 2014, defendant provided plaintiff with responses to her interrogatories and request to produce; (2) on April 27, 2021, Cibulskis wrote Nguyen about incomplete answers

to some discovery requests; (3) on April 29, 2021, defendant provided supplemental discovery responses. Copies of plaintiff's written discovery requests, defendant's responses, and the pertinent correspondence were attached to the supplement.

¶ 16   On May 7, 2021, defendant filed a response to plaintiff's motion for sanctions. It stated as follows. Defendant resided in Tennessee and was not well-versed in electronic communication, so communicating with her was difficult. In addition, Nguyen "[had] not been the most proactive in this matter as demonstrated with [his] missing some discovery deadlines," and he "[had] had some substantial personal life events" that had led him to be "not as diligent as [he] should be professionally." Defendant had now responded to plaintiff's written discovery. Finally, the motion asserted, without elaboration, that plaintiff's complaint was "frivolous."

¶ 17   On May 11, 2021, plaintiff replied as follows. Defendant's response to her motion was filed nine days after the court-imposed deadline. Distance did not excuse the delays, as the interrogatories and notice to produce were mailed and e-mailed on January 29, 2021, and Nguyen did not read the e-mail message until February 23, 2021. After the April 14, 2021, court appearance, Nguyen e-mailed Cibulskis, asking that the discovery requests propounded on January 29, 2021, be sent again because he was having difficulty tracking down documents. On April 14, 2021, the original e-mail was forwarded to Nguyen.

¶ 18   Plaintiff's reply contended that, apparently, Nguyen did not even initiate efforts to respond to written discovery requests until after April 14, 2021. Further, the responses were incomplete. Plaintiff's third interrogatory requested the factual basis for defendant's denial that Huy Tran executed the change of beneficiary form on January 29, 2020. Defendant responded only by referencing a conversation with Huy Tran. In response to plaintiff's Rule 201(k) letter, defendant disclosed only a conversation that took place five months before the form was signed. Plaintiff

contended that defendant should not be allowed to deny that Huy Tran executed the form, then refuse to produce any evidence in discovery on this key issue. Plaintiff was entitled to know defendant's defense to the complaint and the factual basis for the defense. Otherwise, defendant's answer was meritless.

¶ 19 On May 18, 2021, the trial court heard arguments on plaintiff's motion for sanctions, then entered an order stating as follows. Defendant unjustifiably failed to comply with written discovery requests. She admitted to a lack of diligence in denying a key allegation in plaintiff's complaint without any factual basis to do so. Defendant "had information requested in discovery that had not been disclosed" and had "failed to reasonably comply with Orders regarding discovery." The court ordered defendant to pay $975 in sanctions. The court further ordered her to provide "full and complete answers to written discovery within 21 days"; failure to do so would "result in barring Defendant's ability to deny the allegations of [the complaint], striking Defendant's answer, and deeming all allegations of [the complaint] admitted." The court continued the cause to June 23, 2021, for status and ordered the attorneys of record to appear in person.

¶ 20 On June 3, 2021, without leave of court, defendant filed a verified answer to plaintiff's complaint. On June 8, 2021, she filed a subpoena commanding Tonya Green, a Wells Fargo agent in Birmingham, Alabama, to produce specified documents for discovery, and to appear remotely for a deposition before July 27, 2021.

¶ 21 On June 23, 2021, the trial court entered an order providing as follows. At the hearing that day, Nguyen did not appear. Cibulskis did, and she informed the court that Nguyen had e-mailed her "requesting a one[-]or two[-]month status." She added that defendant had failed to provide full and complete answers to written discovery requests within 21 days as required by the May 18, 2021, order. The court struck defendant's answers to the complaint and deemed its allegations

admitted. It continued the cause to July 27, 2021, for a hearing on plaintiff's anticipated motion for judgment on the pleadings.

¶ 22     On June 24, 2021, defendant filed an amended verified answer to the complaint, again without leave of court. That day, she also moved to vacate the previous day's order. Her motion stated as follows. On June 2, 2021, Nguyen e-mailed Cibulskis that he had filed the amended answer changing the response to the complaint and was in the process of subpoenaing Green for a deposition. On June 8, 2021, Nguyen e-filed the subpoena to Green and e-mailed a copy to Cibulskis. Nguyen missed the June 23, 2021, hearing because he "had a conflict and failed to notate that Kane County is now no longer conducting [remote] status calls." Realizing the problem, on June 22, 2021, he e-mailed Cibulskis, requesting that she seek a one- or two-month continuance. At about 8 a.m. on June 23, 2021, Nguyen called Cibulskis to ascertain whether she had received the e-mail. Cibulskis's assistant said that she would text Cibulskis directly. At the hearing, Cibulskis told the court that she had not heard from Nguyen since they last discussed scheduling a deposition. Only after the hearing finished did Cibulskis notify Nguyen that she had not received the notice of the subpoena and deposition. Later that day, Cibulskis e-mailed Nguyen that she had just discovered the notice in her e-mail spam folder. Defendant contended that, after admittedly missing several deadlines, Nguyen had made efforts to move the case along, such as by scheduling the deposition of Green.

¶ 23     Defendant's motion to vacate continued as follows. On May 18, 2021, defendant was ordered to provide a full and complete answer to written discovery in 21 days. Also on that day, Cibulskis mentioned that defendant's answer was inconsistent on the complaint's allegation that Huy Tran signed the change of beneficiary form. On June 3, 2021, therefore, defendant filed an amended answer, which stated that she neither admitted nor denied the allegation and had no actual

firsthand knowledge of the facts in that regard. The amended answer was e-filed with the court and Cibulskis received notice of it. Further, Nguyen and defendant had reviewed the responses to the interrogatories and did not see how they were incomplete.

¶ 24     Defendant's motion stated further that she was not present when the change of beneficiary form was signed and never received any paperwork to the account as she was "just the designated beneficiary." Therefore, she could not produce any documents. Defendant stated that she "had no knowledge of the existence of the change in beneficiary form prior to this lawsuit."

¶ 25     On June 30, 2021, plaintiff moved for judgment on the pleadings. On July 1, 2021, she filed a response to defendant's motion to vacate, arguing as follows.

¶ 26     At the May 18, 2021, remote hearing, Nguyen acknowledged that he had at least one undisclosed conversation with a Wells Fargo representative about the facts of the case. He failed to disclose the identity of this person despite plaintiff's request in her interrogatories to do so. Further, Nguyen on defendant's behalf provided the names and addresses of two potential witnesses, Tom Vo and Cuong Tran, but no other requested information about their knowledge or anticipated testimony. The trial court's May 18, 2021, order noted that defendant had not disclosed information requested in discovery. Between May 18, 2021, and June 7, 2021, Cibulskis and Nguyen communicated about oral discovery. On June 8, defendant subpoenaed Green, but plaintiff had still not received any answers to written discovery requests disclosing Green as a person with knowledge relevant to the case.

¶ 27     The response continued that Nguyen's e-mail of June 22, 2021, was sent after work hours, so Cibulskis did not respond to it before the June 23 hearing. On June 23, 2021, before the start of the hearing, the attorneys exchanged e-mails. Defendant's statement that Cibulskis told the trial court that she had not heard from Nguyen since they last discussed scheduling a deposition was

inaccurate, as the June 23, 2021, order recorded that she told the court that Nguyen had e-mailed a request to seek a one- or two-month status date. On June 23, 2021, the court confirmed that a subpoena was issued for the deposition of a witness who had not been disclosed in defendant's responses to written discovery requests. Thus, the June 23, 2021, order did not result from a communication breakdown but defendant's repeated violations of court orders and discovery rules.

¶ 28    Plaintiff's response argued further that the May 18, 2021, order clearly told defendant to provide full and complete discovery within 21 days. Although defendant now contended that the order was not specific, she and Nguyen did not request any clarification; in fact, Nguyen e-mailed Cibulskis that he approved the phrasing of the order. Defendant now claimed that she did not know in what respect the court considered her answers to written discovery requests to be incomplete, yet, during the May 18, 2021, hearing, Nguyen admitted that he had spoken to Green about the complaint but never disclosed the contents of the conversation in his responses to written discovery requests. Further, defendant's Rule 213(k) disclosures provided the names and addresses of Vo and Tran but no information about their knowledge or anticipated testimony. Plaintiff reasoned that, before and during the May 18, 2021, hearing, Nguyen admitted that his responses were incomplete. He had not sought clarification of the May 18, 2021, order, and could not be heard now to claim ignorance about the lack of full disclosure.

¶ 29    On July 8, 2021, after a hearing, the trial court denied defendant's motion to vacate the sanctions and entered a judgment on the pleadings for plaintiff. The court made five findings. First, in violation of the May 18, 2021, order, defendant failed to provide full and complete answers to written discovery requests within 21 days. Second, she failed to provide updated Rule 213(f)(1) responses (Ill. S. Ct. R. 213(f)(1) (eff. Jan. 1, 2018)), including the disclosure of Nguyen's conversations with one or more Wells Fargo representatives. Third, her subpoena of Green violated

the court's order and supreme court rules. Fourth, she made no effort to cure her repeated failures to comply with the court's discovery orders. Fifth, she filed her new verified answer and amended verified answer without leave of court. The court struck these answers and entered a judgment on the pleadings for plaintiff.

¶ 30 On August 2, 2021, defendant moved to reconsider the judgment. She argued first that she never received a motion to compel discovery from plaintiff "as to what was not complete" about the discovery responses. Defendant had furnished answers to the best of her ability, except for the failure to disclose Green, but she seasonably disclosed Green by providing Cibulskis a copy of the subpoena. Although the court found that defendant had not provided updated Rule 213(f)(1) responses, including of Nguyen's discussions with Green, discovery had not been closed, so defendant could "supplement any additional new found witness(es)." A trial date had not been set, so defendant should be allowed to supplement discovery. The subpoena to Green did not violate any orders or rules, because defendant discovered her name fewer than 30 days before issuing the subpoena. Plaintiff had never specified how defendant's responses were incomplete. Finally, admitting that the amended answer had been filed without leave of court, defendant now requested leave to do so.

¶ 31 The trial court denied the motion to reconsider judgment. Defendant timely appealed.

¶ 32                                    II. ANALYSIS

¶ 33 On appeal, defendant contends that the trial court erred in striking her answer to the complaint and granting plaintiff judgment on the pleadings. Defendant essentially repeats the arguments that she made in her motion to reconsider the judgment. Plaintiff responds that the trial court acted well within its discretion. For the reasons that follow, we agree with plaintiff.

¶ 34    We must note first, however, that defendant's appellate brief does not conform to two applicable supreme court rules. First, Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires an appellant's brief to contain a "[s]tatement of facts, which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate references to the pages of the record on appeal." Defendant's brief contains an eight-page statement of facts, but that includes a three-page verbatim reprint of her June 24, 2021, motion to vacate the June 23, 2021, order striking her answer to plaintiff's complaint and a three-page verbatim reprint of her motion to reconsider the judgment. The remainder of the statement of facts omits most of what is necessary to understand the case, contains as much argument as factual matter, and lacks any citations to the pages of the record on appeal. Defendant's violations of Rule 341(h)(6) are blatant and extreme.

¶ 35    Second, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 20, 2020), requires an appellant's brief to include "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." "Points not argued are forfeited." *Id.* Moreover, a reviewing court is entitled to have the issues defined clearly with pertinent authority cited, and the appellant may not dump the burden of argument and research on the court. *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991). Thus, arguments that are insufficiently developed are forfeited. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).

¶ 36    Here, defendant makes two subclaims of error. As we shall note, defendant's argument does not address most of the bases on which the trial court relied for its judgment. Further, the citations to pertinent authority are minimal, consisting of the quotation of Rules 213(i), 219(c), and 219(i) (Ill. S. Ct. R. 213(i) (eff. Jan. 1, 2018); R. 219(c), (i) (eff. July 1, 2002)) and the citation, with no elaboration, of two appellate court opinions for the first subclaim. There are no citations

to pages of the record for either subclaim. Defendant's violations of Rule 341(h)(7) are serious and severe.

¶ 37     Defendant's disregard for the rules of appellate briefing would fully warrant our dismissal of her appeal or a summary affirmance of the trial court's judgment without addressing the merits. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42-43 (2005). Nonetheless, to provide insight to defendant, who must suffer the consequences of her counsel's neglect, we shall reach the merits.

¶ 38     Before doing so, we must note one more matter. The trial court reached its judgment after considering not only the matters that are in the record on appeal but also the parties' factual representations and arguments in the numerous hearings in the case. There are no transcripts or other reports of what was said during these hearings. Thus, we lack a full record to help us decide whether the trial court acted properly. To support a claim of error, an appellant must present a sufficiently complete record. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). Any doubts that arise from the incompleteness of the record must be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 39     We turn to the merits of this appeal. The trial court's imposition of discovery sanctions will not be disturbed on appeal unless the court clearly abused its discretion or applied impermissible legal criteria. *Boatmen's National Bank of Belleville v. Martin*, 155 Ill. 2d 305, 314 (1993).

¶ 40     The trial court based its judgment on numerous actions or failures to act on the part of defendant and her counsel. First, defendant violated the May 18, 2021, order by failing to provide full and complete discovery within 21 days. Second, she did not provide updated responses, including the disclosure of Nguyen's conversations with Green. Third, she improperly subpoenaed Green. Fourth, she made no effort to cure her repeated discovery violations. Fifth, she filed a new verified answer and an amendment thereto without leave of court.

¶ 41    The record supports the trial court's findings and, indeed, proves further violations. The violations, noted or not noted by the court in its judgment, can be categorized as (1) pleading-related, (2) discovery-related, and (3) appearance-related. In category (1) are (a) failing to file an answer to the complaint by the court's October 26, 2020, deadline, (b) failing to file an answer by the court's November 26, 2020, deadline, (c) in the answer of December 7, 2020, denying outright that Huy Tran executed the change of beneficiary form on the date alleged in the complaint, without having any factual basis to do so (as she later admitted), and (d) filing the new verified answer and the amended new verified answer without leave of court. In category (2) were (a) failing to answer written discovery by March 18, 2021, as the court had ordered, (b) failing to answer written discovery by April 14, 2021, as the court had ordered, (c) filing answers that did not provide the factual basis for the denial that Huy Tran had executed the change of beneficiary form on the date alleged in plaintiff's complaint, (d) failing to disclose the identity of Green, counsel's prior conversation with her, or any knowledge that she had about the issues in the case, and (e) failing to comply with the May 18, 2021, order, by failing to provide information about two other potential witnesses other than their names. In category (3) were (a) the failure to appear for the September 28, 2020, hearing, (b) the failure to appear for the March 3, 2021, hearing, and (c) the failure, through counsel's admitted carelessness, to appear for the June 23, 2021, hearing.

¶ 42    Defendant does not even address most of these violations, much less attempt to argue that the trial court erred in considering them as a basis for the judgment. She addresses only (1) the failure to disclose and update the identity of "a witness" (defendant does not name the witness, but apparently it is Green) and (2) the failure to answer plaintiff's written discovery requests fully and completely. Defendant says nothing about her failure to file a timely answer, her admittedly improper denial of a crucial allegation of plaintiff's complaint, and her filing of two new answers

without leave of court. Defendant does not discuss her repeated failures to meet deadlines for answering written discovery requests, her failure to disclose a substantial factual basis for her denial of a crucial allegation of the complaint, or her failure to disclose sufficient information about two potential witnesses. Defendant does not mention her counsel's three failures to appear for remote or in-person hearings.

¶ 43　Based on the aforementioned forfeitures alone, we may affirm the judgment. We see no abuse of discretion in entering judgment on the pleadings for plaintiff approximately 10 months into the cause, when discovery stalled out because of the sheer neglect of defendant's counsel. This is so especially as this was not a complex case factually—and defendant admittedly had no personal knowledge of the key factual issue and failed to disclose the basis of any prospective witness's knowledge of any factual issues. There was ample reason for the trial court to stop indulging defendant's defense, the grounds of which were nebulous at best.

¶ 44　We turn to the few grounds for reversal that defendant does present. First, she contends that the failure to disclose in discovery Green or her conversation with Nguyen was not a proper basis for sanctions. Defendant contends that she fulfilled her duty to seasonably supplement answers to the interrogatories (see Ill. S. Ct. R. 213(i) (eff. Jan. 1, 2018)), because she had "just discovered the name of [Green]" when she subpoenaed her and notified Cibulskis. Defendant's assertion that she had "just discovered" Green is unsupported by any citation to the record, and she does not explain how compliance with Rule 213(i)'s requirement is obtained by notifying opposing counsel of a subpoena for a deposition to be taken not on a specified date but sometime in the coming months.

¶ 45　Defendant did not mention Green in any answers to the interrogatories propounded January 29, 2021, and she never supplemented her answers. Moreover, those interrogatories requested not

only (1) the identities of any persons with knowledge of any facts relevant to any transaction or event set forth in the pleadings (interrogatory 2) but also (2) anyone with whom defendant or anyone acting on her behalf had had any communications regarding the allegations in the pleadings, along with the dates and manner of the communications and other circumstances (interrogatory 6), and (3) the name and address and other required information for each witness who would testify at trial (interrogatory 14). Defendant's bare communication to plaintiff and her counsel that she would depose Green obviously was nonresponsive to these interrogatories.

¶ 46    Defendant contends second that any failure on her part to answer written discovery requests fully and completely did not support the imposition of sanctions. In the main, defendant merely repeats her erroneous assertions that her answers were complete and that plaintiff did not inform her of the respects in which her answers were incomplete. Defendant also notes that plaintiff did not file a motion to compel, although she does not make any argument as to why this matters, much less cite any pertinent legal authority. As plaintiff notes, a party need not move to compel discovery before seeking sanctions. See *Rush v. Leader Industries, Inc.*, 176 Ill. App. 3d 803, 808-09 (1988).

¶ 47    Finally, defendant asserts that, under Illinois Supreme Court Rule 219 (eff. July 1, 2002), a judgment on the pleadings is not an available sanction for discovery violations. However, as plaintiff points out, under Rule 219, a trial court may debar an offending party "from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to [the] issue [to which the refusal or failure relates]" (Ill. S. Ct. R. 219(c)(7) (eff. July 1, 2002)) and "any portion of the offending party's pleadings relating to that issue [may] be stricken, and, if thereby made appropriate, judgment [may] be entered as to that issue" (Ill. S. Ct. R. 219(c)(vii) (eff. July 1, 2002)). Moreover, these sanctions are only two in a nonexclusive list of seven; the rule allows the

court, on motion, to enter, "in addition to remedies elsewhere specifically provided, *such orders as are just, including, among others*," (emphasis added) the seven specified types of orders. (Ill. S. Ct. R. 219(c) (eff. July 1, 2002)) Thus, entering judgment on the pleadings was entirely proper under Rule 219.

¶ 48                                III. CONCLUSION

¶ 49    In sum, as noted above, we could dismiss this appeal for numerous unjustified violations of the supreme court's rules governing briefing. But even when we overlook those violations and address this appeal on the merits, we are compelled to affirm the trial court's judgment on the basis of defendant's numerous unjustified violations of the court's orders and deadlines. The trial court gave defendant ample opportunities to comply with its orders and with the discovery process. Defendant willfully disregarded those orders at her own peril. The trial court was well within its rights to enter judgment on the pleadings in favor of plaintiff and against defendant. Accordingly, for the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 50    Affirmed.